Amos P. COLLINS, Plaintiff,

v.

Anthony J. CELEBREZZE, Secretary of Health, Education and Welfare, Defendant.

No. 746.

United States District Court
E. D. Kentucky,
Pikeville Division.
July 11, 1963.

F. Dale Burke, Pikeville, Ky., for plaintiff.

B. T. Moynahan, Jr., U. S. Atty., A. L. Brooks, Asst. U. S. Atty., Lexington, Ky., for defendant.

SWINFORD, Chief Judge.

Amos Collins has brought this action for judicial review of a decision by the Department of Health, Education and Welfare that denies him disability benefits under the Social Security Act. 42 U.S.C.A. § 401 et seq. The jurisdiction of the court is limited in that the administrative decision must stand if it is supported by substantial evidence. 42 U.S. C.A. § 405(g).

The plaintiff was born in 1910, has a fourth grade education and can barely read and write. He went to work in the mines when he was fifteen years old and has 33 years experience in various mining jobs, most of the time as a motor operator. The only other work he has done has been part-time farming and vegetable gardening for home consumption.

There is extensive medical evidence tending to prove that plaintiff suffers from lung disorders attributable to his

occupation. Various physicians have stated that the plaintiff has silicosis, pulmonary emphysema, bronchitis and pneumoconiosis. But the hearing examiner concluded that the diagnoses were not of such severity as to be disabling by their bare presence. The reporting physicians qualify their conclusions with such adjectives as "mild", "minimal" and "slight". With the examiner's decision on this point the court must concur. But what complicates the case is a finding by the examiner, presumably based on one of the medical reports, that the plaintiff cannot return to his employment as a coal miner.

Doctor Francis H. Hodges of Pikeville made two reports; one on April 9, 1959, the other on July 22, 1961. He stated on both occasions that there have been lung changes caused by the introduction of coal and rock dust into the tissue but that he is reluctant to conclude that the plaintiff is disabled solely on this account. He goes on to say in both reports, however, that the plaintiff should not work in exposure to rock or coal dust; that to do so would aggravate the present impairment. The examiner and counsel for the defendant concede that the plaintiff cannot go back to the mines. This brings the case into confrontation with Hall v. Flemming, 6th Cir., 289 F.2d 290 (1961) wherein the court held that a finding that a disability claimant cannot return to his former work requires resolution of two issues: (1) what can the claimant do? (2) what are the opportunities available to a man who can do only what the claimant can do?

The examiner in his opinion has sought to conform to this rule. He states that plaintiff's work as a motor operator demonstrates that he has certain occupational abilities that can be transferred to jobs that do not involve exposure to impure air. He finds that plaintiff could work at light or sedentary occupations; specifically he could be a taxi driver, chauffeur or electric truck operator. The court has studied the evolution of the decision in Hall v. Flemming and is satisfied that these findings do not conform to what is required by this decision.

In Rice v. Celebrezze, 6th Cir., 315 F.2d 7 (1963) the claimant was a former laborer and machinery operator. While he had only an elementary school education, he was active for many years in city government, as a councilman and later as mayor. The hearing examiner found that his governmental work and native intelligence were fairly indicative of ability to work in clerical or other forms of sedentary occupations. The court reversed on the ground that this finding was not specific enough either as to the type work the plaintiff could do or as to whether it was available to him. In Hall v. Celebrezze, 6th Cir., 314 F.2d 686 (1963) the Appeals Council made reference to a Department of Labor publication listing various occupations and the skills required in them. The Council cited several which it felt that the plaintiff could handle with the skills he must have developed in his former occupation. The decision was reversed by the court on the ground that there was no specific evidence that the plaintiff could perform any of the suggested jobs. In Hodgson v. Celebrezze, 3d Cir., 312 F.2d 260 (1963) the Appeals Council stated that the plaintiff could perform in a sedentary job or operate an elevator, apparently by deduction from a finding that he could do no heavy labor. The court rejected this conclusion on the ground that it was not rooted in specific evidence. In Roberson v. Ribicoff, 6th Cir., 299 F.2d 763 (1962) the hearing examiner concluded that the plaintiff could work as a watchman or repair furniture in a small shop. The court reversed on the ground that there was no specific evidence to show that the plaintiff could engage in these occupations or that work would be available to him if he could.

The court interprets these opinions as requiring that the administrative finding as to employment opportunities in cases where the rule of Hall v. Flemming applies be based on evidence independent of the residuum of physical capacity deducible from the fact of oc-

cupational disability. It is thus not sufficient to find that because the plaintiff cannot do heavy labor, he therefore can perform all jobs not involving heavy labor. The finding must be based on the abilities of the particular claimant with reference to particular occupations. The remaining abilities of the plaintiff must be shown by particular evidence on the subject, not by negative inference from the existence of disability to perform in the claimant's regular job.

In the case at bar, the claimant was asked how much driving he had done lately. He replied that he had driven a car 60 miles in the previous 18 months. This does not support a finding that the plaintiff can work as a taxi driver, chauffeur or electric truck operator. The reasons set forth above demonstrate that the finding that the plaintiff can do light or sedentary work is too general to be material to the present issue.

An order will be entered this day remanding the case to the Secretary for further findings on the plaintiff's employment prospects in fields other than coal mining.