Monie KING, Plaintiff,

v.

Anthony J. CELEBREZZE, Secretary of Health, Education and Welfare, Defendant.

No. 477.

United States District Court E. D. Kentucky, Catlettsburg Division.

Oct. 17, 1963.

W. L. Steele, Ashland, Ky., for plaintiff.

B. T. Moynahan, Jr., U. S. Atty., Lexington, Ky., for defendant.

SWINFORD, Chief Judge.

This is an action to review a final decision of the Secretary of Health, Education and Welfare which denies the plaintiff's claim for disability benefits under the Social Security Act. The Court has jurisdiction under section 205 (g) of the Act (42 U.S.C.A. 405(g)) and is confined by this section to determining whether the administrative decision is supported by substantial evidence.

This case has a long and tortuous history. Plaintiff filed his application for benefits on April 1, 1957. This was turned down by decision of a referee in the Social Security Administration on April 28, 1959. The plaintiff commenced this action to secure review of the referee's decision on August 7, 1959. This Court, on June 17, 1960, affirmed the referee, holding that there was sufficient evidence to support his findings. Plaintiff next appealed and the decision of this Court was reversed. King v. Flemming, 6 Cir., 289 F.2d 808. On the authority of Hall v. Flemming, 6th Cir., 289 F.2d 290 (1961), the mandate required that the case be sent back to the Secretary for additional findings as to what a person with plaintiff's afflictions could do and what employment opportunities there are for a person who can do only what the plaintiff can do. The Secretary has now made these additional findings and it is the duty of this Court to determine whether this phase of the Secretary's adjudication is supported by substantial evidence.

At the outset, it is appropriate to remark that the Appeals Council went beyond the terms of the mandate and took additional medical evidence over the plaintiff's objection. This is justified, according to the Appeals Council, by a desire to confirm the earlier diagnoses and prognoses. The Court cannot see that it either enhances or detracts from the former findings and views it as innocuous beyond its tendency to further burden this voluminous record.

It should next be explained that the outcome of this case is determined entirely by the condition of the plaintiff between September 1945 and April 1947. Plaintiff's "insured status" expired on March 31, 1947 and his situation beyond this time is wholly irrelevant. See 42 U.S.C.A. 416(i) (3). Much of the argument, practice and procedure employed in this case loses sight of this circumstance. Every medical examination conducted beyond this time is without significance unless it is directed at ascertaining what the plaintiff's condition was in 1947 or earlier or, possibly, that the impairments he did have at such early date were of long-continued or indefinite duration. Hilber v. Ribicoff, D.Mont., 196 F.Supp. 460 (1961). Much of the evidence has been introduced without regard to this rule. There is, for example, extensive commentary regarding a neck injury that the plaintiff suffered in an automobile accident that occurred in 1954. The effect of such free-ranging inclusion of evidentiary matter is only to obscure the issues that rightfully pertain to the subject of the plaintiff's claim.

The same reservation applies to the determination presently before the Court, the matter of plaintiff's employment prospects. It must be said in fairness to the parties that they have payed closer heed to the time limitations in this context.

The question before the Secretary related to the employment opportunities available to the plaintiff between 1945 and 1947. The administrative decision is that there were such opportunities as would satisfy the requirements of the Hall case and it is now within the jurisdiction of the Court to examine the record and see whether this finding is supported by substantial evidence.

The Court first takes judicial notice that the relevant period was one of full employment. World War II was the dominant economic influence and had resulted in a great backlog of consumer demand. It was a period in which employers competed for labor of all kinds rather than the reverse situation that has characterized the economy in recent years particularly in relation to unskilled labor. It was thus a time when employers found

it profitable to ignore some of the personal handicaps which might in the present day prove disqualifying. Automation had not at that time created a great scarcity of unskilled jobs. Moreover, then and now the area in which the plaintiff lives is one of extensive industrial activity. Gearhart v. WSAZ, E.D.Ky., 150 F.Supp. 98 (1957).

Against this background, the Secretary has heard the testimony of an expert in the field of vocational rehabilitation that the plaintiff did enjoy favorable employment prospects in the relevant period. The qualifications of this witness are undisputed. He is the director of the Vocational Guidance and Employment Vocational Counseling and Rehabilitation Agency and has extensive training and experience in his field. He bases his conclusions on personal examination of the medical reports and all other evidence pertinent to the issue of plaintiff's disability that comprised the record in this case when it was before the Court of Appeals.

The witness has agreed that the plaintiff was unsuited for labor involving hard physical exertion or for skilled occupations. Through his own experience and by the use of the Dictionary of Occupational Titles, a U. S. Department of Labor publication, the witness has knowledge of a broad range of jobs that call for neither skill nor strenuous physical effort. The witness has cited a number of specific jobs, available generally in the Ashland area, where the worker performs sitting down or standing at a bench.

It has not been shown that the Secretary can be legally required to go further than this in carrying the burden of proof imposed by the Hall case. This Court has approved less elaborate means of proving employment prospects. In Cline v. Celebrezze, E.D.Ky. Catlettsburg 502, June 13, 1963, the finding as to employment opportunities rested entirely on the hearing examiner's reference to the Dictionary of Occupational Titles. The Court of Appeals in Hall v. Celebrezze, 6th Cir., 314 F.2d 686 (1963), tacitly approved the use of the Dictionary of Occupational Titles as the sole evidence of employment opportunities when it reversed on the ground that the material had been used in an improper way, not that it was used in the first place. No one has suggested a more certain way of making findings on this somewhat nebulous issue and the Court cannot say that the administrative decision in this case does not represent the most feasible approach.

 The findings of the Secretary are deemed to be based on substantial evidence. An order sustaining the motion of the defendant for summary judgment is entered this day.