**Monie KING, Plaintiff-Appellant,**

v.

**Anthony J. CELEBREZZE, Secretary of Health, Education and Welfare, Defendant-Appellee.**

**No. 15739.**

United States Court of Appeals Sixth Circuit.

Feb. 8, 1965.

W. L. Steele, Ashland, Ky., for appellant.

John .C. Eldridge, Dept. of Justice, Civil Division, Washington, D. C., for appellee, John W. Douglas, Asst. Atty. Gen., Sherman L. Cohn, Terence N. Doyle, Dept. of Justice, Washington, D. C., George I. Cline, U. S. Atty., Lexington, Ky., on the brief.

Before WEICK, Chief Judge, and PHILLIPS and EDWARDS, Circuit Judges.

PER CURIAM.

This is the second time the case at bar has been before us. In the first appeal, we reversed because no findings had been made by the Secretary on two of the issues, and directed that it be remanded to him to take testimony and to adopt additional findings. King v. Flemming, 289 F.2d 808 (C.A. 6, 1961).

Upon the remand, the Secretary introduced evidence and adopted additional findings. He rendered a decision denying plaintiff's claim for disability benefits under the Social Security Act. 42 U.S.C. § 401 et seq. In proceedings for review, the District Court granted summary judgment in favor of the Secretary. 223 F.Supp. 774 (E.D.Ky., 1963).

The relevant period of time during which plaintiff was required to establish disability was between September, 1945, and March 31, 1947. His insured status expired on the latter date. The case was further complicated by the fact that plaintiff received severe injuries in an accident which occurred after the insured period. He also suffered from other ailments not existing during said period.

The Secretary determined that plaintiff had a partial disability during said period as a result of which he could not engage in his former occupation involving heavy, common labor, but that he could have performed light, unskilled work which was available to him.

Although the facts were in dispute, there was substantial evidence to support

the decision of the Secretary. It is binding on us even though we might have reached a different conclusion had we been the trier of the facts.

The District Court was correct in granting summary judgment in favor of the Secretary. Hall v. Celebrezze, 340 F.2d 608 (C.A.6, 1965).

Affirmed.