**Joe PALMER, Plaintiff,**

v.

**Anthony J. CELEBREZZE, Secretary of Health, Education and Welfare, Defendant.**

**No. 406.**

United States District Court
E. D. Kentucky
at Jackson.

March 1, 1965.

---

Alva A. Hollon, Hazard, for plaintiff.

George I. Cline, U. S. Atty., Arthur L. Brooks, Jr., Asst. U. S. Atty., for defendant.

HIRAM CHURCH FORD, Senior District Judge (serving by designation).

The plaintiff, Joe Palmer, of Beattyville, Ky., filed his application with the Social Security Administration on November 4, 1960, seeking that he be determined entitled to a period of disability and to disability insurance benefits under the Social Security Act.

The plaintiff exhausted all appropriate administrative procedure without success. The Appeals Council rendered a decision on December 5, 1963, affirming the decision of Hearing Examiner, Robert C. Boyce, Jr., of September 20, 1963, which constitutes the final decision of the defendant, Secretary of Health, Education and Welfare.

On December 19, 1962, plaintiff filed this civil action pursuant to § 205(g) of the Social Security Act, 42 U.S.C.A., § 405(g), for Court review of the defendant's final decision.

A certified copy of the transcript of record, including the evidence upon which the findings and decision complained of are based, has been duly filed. It shows that the claimant has met and continued to meet the special earnings requirements for disability purposes until March 31, 1963.

The final decision herein is based upon the findings of September 20, 1963, "that the claimant has not established that on or before February 4, 1961, he suffered impairments either singularly or in combination of such severity as to preclude him from engaging in any substantial gainful activity at any time for which his application of November 4, 1960, was effective", and "that the claimant is not entitled to disability insurance benefits or to a period of disability under Sections 223(a) and 216(i) of the Social Security Act, as amended."

In his decision, the Hearing Examiner carefully reviewed the evidence presented in the record, which in part is as follows: Depositions of Dr. Harvey Chenault, Dr. Ralph J. Angelucci, Dr. David A. Hull, Dr. Peter H. Jones and Dr. O. B. Murphy, taken from the record of an action or proceeding before the Kentucky Workmen's Compensation Board, seeking recovery of compensation for injuries referred to in this case.

In his deposition, DR. CHENAULT, a specialist in neurosurgery, stated in respect to his examination of Mr. Palmer, in his office at Lexington on March 22, 1960, that the patient indicated the site of his pain in the mid-lumbar spine and "tenderness on either side of the spine, or in the lumbar muscles." Dr. Chenault said x-rays were made by Dr. Rich, which he examined, and they "appeared to show some droplets of oil in the spinal canal, evidently residual of a former myelogram examination, and otherwise it was normal; * * * I felt that the patient had a mild strain of his lumbar ligaments and

muscles. \* \* \* I didn't feel that he had any permanent disability. \* \* \* I felt that he was physically able to return to his work and that it would be good for him to do so." (Tr. 243–4).

In his deposition, DR. ANGELUCCI, a specialist in neurosurgery, in reference to his examination of the plaintiff, stated: "I saw this man on the 13th of January, 1960, at St. Joseph Hospital at the request of Dr. O. B. Murphy." I made an "examination referable to his back and lower extremities to ascertain whether he might have a herniated disc syndrome or not. \* \* \* I subsequently made a myelogram, or did a myelography, which is a diagnostic procedure. \* \* \* The myelography was normal and revealed no evidence of disc protrusion." On a neurological basis, Dr. Angelucci said he "could find no disability" nor anything that would cause the pain that he complained of in his back.

In his deposition, DR. HULL, a surgeon of Lexington, Ky., stated that he examined the plaintiff at the request of Dr. O. B. Murphy, at St. Joseph Hospital, and "It was my impression that I saw no evidence of organic arterial disease, and it was my feeling that the patient's symptoms could not be explained on this basis", and, in answer to the question "in other words, it is your conclusion that the pain that he was having in his lower back was not caused from any vascular trouble", he answered: "Vascular, yes."

In his deposition, DR. JONES, who practices neurosurgery at the Lexington Clinic, Lexington, Ky., who examined the plaintiff on March 22, 1960, stated that "His main complaint was of low back pain since September 17th, 1959". Dr. Jones' findings were "The neurological examination was negative. He had no muscle weakness. He had no nerve tenderness and he had full motion of his back. He had no difficulty with his gait nor his stance. He was able to take off his shoes and socks quite easily, bending forward, and he was able to sit upright on the examining table with his legs out straight. There was a questionable sensory loss on the top of the right foot but it was very minimal. \* \* \* He had some lab. work done also at that time which was within normal limits. His full blood count was normal. His sedimentation rate was normal. The urinalysis was normal, and his blood serology was normal. \* \* \* I thought he was probably able to go back to work." (Tr. 261–2).

In his deposition, DR. MURPHY, a specialist in orthopedic surgery, stated that Mr. Palmer was referred to him by Dr. Price Sewell of Jackson, Ky., and he first saw him on October 13, 1959, at the doctor's office in Lexington. In response to a question as to what his examination revealed, he said:

"A. Examination revealed the patient to be well developed and nourished, stands with very mild left dorsal curve. His pelvis was equal, however. There was no evidence of muscle spasm. He had good flexibility of his back. Forward flexion seems to be within normal range. Hyper-extension is limited somewhat, and hyper-extension caused exaggeration of pain referred to about the level of L4. Right and left lateral bends were well executed.

"Further examination revealed both lower extremities equal in length and circumference. Reflexes —both knee and ankle jerks were present and briskly active. Straight leg raise was slightly tight bilaterally. However, there was no positive Lasegue. He was x-rayed.

"Q. 13. Here in your office?

"A. Yes, sir.

"Q. 14. What did the x-rays reveal, Doctor?

"A. X-rays taken today of the lower back reveal moderate narrowing of the lumbosacral joint space. The remainder of the bones and joints of the back appeared to be normal. There was no evidence of scoliosis

**658**

or compression fractures." (Tr. 268–9).

In response to the question "What was your actual diagnosis of what the injury was, or were you able to make any diagnosis", Dr. Murphy said: "Well, my first impression, from the manner in which he was injured, in the absence of any definite pathology, that I could describe, I more or less assumed that he had had a severe strain of his back ligaments that was causing his pain, since that is known to be painful." (Tr. 270).

By § 405(g) of 42 U.S.C.A., (§ 205 (g) of the Statute), it is provided that the "findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive, * * *."

■ Upon consideration of the evidence of record, the Court is of the opinion that the above findings of the Secretary are supported by substantial evidence and are here conclusive under the mandatory provision of the above statute. Charlie Hall v. Celebrezze, 340 F.2d 608, C.A.6; Monie King v. Celebrezze, 341 F.2d 108, C.A.6; Adkins v. Celebrezze, 330 F.2d 704, C.A.6.

Hence, as found and concluded by the Secretary, (and the Appeals Council), the plaintiff is not entitled to the disability insurance benefits sought by his application filed on November 4, 1960.

■ The aforesaid finding of the Hearing Examiner, which was affirmed by the Appeals Council, precludes the necessity of an administrative showing as to what work the plaintiff could do or as to the availability of any such work. Bradey v. Ribicoff, 298 F.2d 855, C.A.4, certiorari denied 370 U.S. 951, 82 S.Ct. 1601, 8 L.Ed.2d 817; Ward v. Ribicoff, 309 F.2d 157, 158, C.A.6.

For the reasons indicated, the motion for summary judgment filed by plaintiff should be denied, and the motion for summary judgment filed by defendant should be granted. An order will be entered in conformity herewith affirming the action of the Appeals Council of December 5, 1963, and ordering that this action be dismissed.