**Albert KNUCKLES, Plaintiff,**

v.

**Anthony J. CELEBREZZE, Secretary of Health, Education and Welfare, Defendant.**

**No. 1364.**

United States District Court
E. D. Kentucky.

March 5, 1965.

Grant F. Knuckles, Pineville, for plaintiff.

George I. Cline, U. S. Atty., Moss Noble, Asst. U. S. Atty., for defendant.

HIRAM CHURCH FORD, Senior District Judge (serving by designation).

The plaintiff, Albert Knuckles, of Beverly, Bell County, Kentucky, filed his application with the Social Security Administration on June 20, 1962, seeking that he be determined entitled to a period of disability and to disability insurance benefits under the Social Security Act.

The plaintiff exhausted all appropriate administrative procedure without success. Denial of review of the Hearing Examiner's adverse decision by the Appeals Council on March 4, 1964, rendered the decision of the Hearing Examiner, John W. King, of December 24, 1963, the final decision of the defendant, Secretary of Health, Education and Welfare.

On April 29, 1964, plaintiff filed this civil action pursuant to § 205(g) of the Social Security Act, 42 U.S.C.A. § 405(g), for Court review of the defendant's final decision.

A certified copy of the transcript of record, including the evidence upon which the findings and decision complained of are based, has been duly filed. It shows that the claimant met the special earnings requirements during the effective period of the application, and continues

to meet such requirements through June 30, 1967.

The final decision herein is based upon the findings of December 24, 1963, "that the claimant has not established that he had impairments, either singularly or in combination of such severity as is contemplated by the Act and Regulations to preclude him from engaging in any substantial gainful activity as of the dates of alleged onset of disability and while the special earnings requirements of the Act were still met and continuing thereafter through the effective date of the application which he filed on June 20, 1962", and "that the claimant is not entitled to disability insurance benefits or to a period of disability under Sections 223(a) and 216(i) of the Social Security Act, as amended."

It appears from the decision of the Hearing Examiner that he carefully reviewed the evidence presented in the record, which is in part as follows:

The Medical report of DR. WILLIAM L. PATTERSON, a specialist in orthopedic surgery, summarizes the result of his examination of plaintiff on April 27, 1962, as follows:

"It would appear that this patient has sustained a sprain of his low back through an area of osteoarthritis. Certainly the patient seems to be getting along fairly well. On the various motions of the lumbar spine particularly in forward flexion and lateral bending produced some subjective pain in his low back. However, the arthritic changes noted in his back would be compatible with a man who had worked in the coal mines and done this type of work for 30 years. I believe that the symptoms that he is having currently are related to the arthritic changes in his back." (Tr. 114).

The medical report of DR. PAUL O. WELLS, a Radiologist, in respect to his x-ray of plaintiff on April 30, 1962, states:

" * * * Minimal fine nodular fibrosis is noted in the right upper lung field and to a lesser extent on the left. This finding is compatible with simple pneumoconiosis. No active inflammatory process was demonstrated. The heart is within normal limits of size and configuration. No abnormality was noted in the pleura, diaphragm or bony thorax." (Tr. 116).

DR. ADAM STACY'S medical report states that he last examined the plaintiff on July 13, 1962, and had previously treated him on July 15, 1961. In his "Remarks", he stated: "This man is permanent and total disabled for any work." He also stated in the report:

"Chest X-ray: The root regions are abnormally heavy. There is a moderate amount of nodular type fibrosis scattered fairly equally throughout both lung fields with evidence of pulmonary emphysema. Exam of chest reveals moderate limitation of the chest walls to deep breathing, the breath sounds were rather distant, no rales heard." (Tr. 121).

"Diagnosis: 1. Silicosis, 2. Pulmonary emphysema." (Tr. 120).

It appears that no other medical report seems to join in Dr. Stacy's remark that the plaintiff was permanently or totally disabled.

The medical report of DR. WILLIAM H. ANDERSON states that since plaintiff's injury in a slate fall in the middle of October 1961 he has tried to work, and the "last time he tried was in February when he said he went out for work for approximately eighteen days but he couldn't do his work effectively because of difficulty in his back when had to stoop down to work in the low top. He also had to walk from place to place under the low top and he became very tired in his back with pain. Finally he had to stop working altogether." He says he can walk on level but can't go upstairs. "He has some decreased breath sounds on the

right but no other abnormality." (Tr. 118).

The fact that throughout the evidence most of the impairments referred to in the medical reports were only moderate seems to confirm and validate the conclusion of the Hearing Examiner in his holding that such impairments were not of sufficient severity to establish that plaintiff was precluded from engaging in any substantial gainful activity.

By § 405(g) of 42 U.S.C.A., (§ 205(g) of the Statute), it is provided that the "findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive, * * * ".

Upon consideration of the evidence of record, the Court is of the opinion that the above findings of the Secretary are supported by substantial evidence and are conclusive upon the Court under the mandatory provision of the above statute. Charlie Hall v. Celebrezze, 340 F.2d 608, C.A. 6; Monie King v. Celebrezze, 341 F.2d 108, C.A. 6; Adkins v. Celebrezze, 330 F.2d 704, C.A. 6.

Hence, as found and concluded by the Secretary, (and the Appeals Council), the plaintiff is not entitled to the disability insurance benefits sought by his application filed on June 20, 1962.

The aforesaid finding of the Hearing Examiner, which was affirmed by the Appeals Council, removes the necessity of an administrative showing here as to what work the plaintiff could do or as to the availability of any such work. Bradey v. Ribicoff, 298 F.2d 855, C.A. 4, certiorari denied 370 U.S. 951, 82 S.Ct. 1601, 8 L.Ed.2d 817; Ward v. Ribicoff, 309 F.2d 157, 158, C.A. 6.

For the reasons indicated, the motion for summary judgment filed by plaintiff should be denied, and the motion for summary judgment filed by defendant should be granted. An order will be entered in conformity herewith affirming the action of the Appeals Council of March 4, 1964, and ordering that this action be dismissed.