**Amos P. COLLINS, Plaintiff,**

v.

**Anthony J. CELEBREZZE, Secretary of Health, Education and Welfare, Defendant.**

**No. 746.**

United States District Court
E. D. Kentucky,
at Pikeville.

June 23, 1965.

Francis D. Burke, Pikeville, Ky., for plaintiff.

George I. Cline, U. S. Atty., Moss Noble, Asst. U. S. Atty., for defendant.

HIRAM CHURCH FORD, Senior District Judge (serving by designation).

The plaintiff, Amos P. Collins, of Riceville, Kentucky, filed his application with the Social Security Administration on April 18, 1960, seeking that he be determined entitled to a period of disability and to disability insurance benefits under the Social Security Act.

The proceedings in the case are in accordance with the rules of administrative procedure. Denial of review of the Hear-

ing Examiner's adverse decision by the Appeals Council on February 28, 1964, rendered the decision of the Hearing Examiner, Mr. Henry G. Reese, of January 17, 1964, the final decision of the defendant, Secretary of Health, Education and Welfare.

Plaintiff filed this civil action pursuant to § 205(g) of the Social Security Act, 42 U.S.C.A. § 405(g), for Court review of the defendant's final decision.

A certified copy of the transcript of the record, including the evidence upon which the findings and decision complained of are based, has been duly filed. It shows that the claimant met the special earnings requirements during the effective period of the application and continued to meet such requirements through June 30, 1963.

By order of July 12, 1963, 220 F.Supp. 272, this case was remanded to the Secretary of Health, Education and Welfare for further administrative action, and the case was duly assigned by the Appeals Council to Hearing Examiner Henry G. Reese for proceedings consistent with the order of remand.

Hearing Examiner, Mr. Reese, after obtaining additional evidence and after holding a further hearing of the plaintiff on January 2, 1964, upon consideration of all the evidence in the case, rendered his decision on January 17, 1964, holding that plaintiff did not establish by the evidence presented in the case that he had impairments of such severity as to preclude him from engaging in all forms of substantial gainful activity within his residual capacities at any time for which his application before the Hearing Examiner was effective.

On February 28, 1964, the Appeals Council filed its opinion stating:

"After careful consideration of the entire record, the Appeals Council adopts the findings of fact, inferences, and conclusions set forth in the hearing examiner's recommended decision of January 17, 1964, and as supplemented herein, holding that the claimant is not entitled to a period of disability or to disability insurance benefits under the provisions of section 216(i) and 223, respectively, of the Social Security Act, as amended.

"The Hearing examiner's decision of January 17, 1964, is adopted and made the decision of the Appeals Council." (Tr. p. 164)

Thus the ruling of the Hearing Examiner, Mr. Reese, of January 17, 1964, became the final decision in this case, of which the plaintiff now seeks review and reversal by the Court.

Therefore, the quesion for determination is whether the aforesaid final decision of the Secretary is supported by substantial evidence.

The findings of the Hearing Examiner, as approved and adopted by the Appeals Council are as follows:

"In summary, it appears that the claimant, after working a period of years in the mines, developed a mild pneumoconiosis or silicosis. Thus, while it may prevent his working the mines (it is noted that the mine in which he was working closed down shortly after he quit), he nevertheless has sufficient residual physical ability to engage in many forms of substantial gainful activity available in the American economy, and based on the evidence of record, is actually able to engage in some farming and the operation of a farm. In the opinion of the Hearing Examiner, he has demonstrated, particularly during the period for consideration, that he is able to engage in substantial gainful activity within the meaning of the Act.

\*　　\*　　\*　　\*　　\*

"In the light of the entire evidence of record and the foregoing considerations, the Hearing Examiner finds that the claimant has not established that he has impairments, either singly or in combination, of

such severity as to preclude him from engaging in all forms of substantial gainful activity within his residual capacities at any time for which his application before the Hearing Examiner was effective.

"It is the recommended decision of the Hearing Examiner, therefore, that the claimant is not entitled to disability insurance benefits or to a period of disability under Sections 223(a) and 216(i) of the Social Security Act, as amended." (Tr. pp. 186, 187–8).

■ Under the provisions of § 205(g) of the Social Security Act, 42 U.S.C.A. § 405(g), the findings of the Secretary as to any facts, if supported by substantial evidence, are conclusive and binding on this Court. Adkins v. Celebrezze, 6 Cir., 330 F.2d 704, C.A. 6; Charlie Hall v. Celebrezze, 340 F.2d 608, C.A. 6; Monie King v. Celebrezze, 341 F.2d 108, C.A. 6.

■ The aforesaid findings of the Hearing Examiner, which were affirmed by the Appeals Council, precludes the necessity of an administrative showing as to what work the plaintiff could do or as to the availability of any such work. Bradey v. Ribicoff, 4 Cir., 298 F.2d 855, C.A. 4, certiorari denied 370 U.S. 951, 82 S.Ct. 1601, 8 L.Ed.2d 817; Ward v. Ribicoff, 309 F.2d 157, C.A. 6.

■ It is the opinion of the Court that the findings and conclusions of the Secretary above stated are supported by substantial evidence in the record and hence the plaintiff is not entitled to the disability benefits sought by his application filed herein.

For the reasons indicated, the motion for summary judgment filed by the plaintiff should be denied and the motion for summary judgment filed by the defendant should be granted and an order should be entered herein affirming the action of the Appeals Council of February 28, 1964, and ordering that this action be dismissed.