**Wenzel THURNER, Plaintiff,**

v.

**Arthur S. FLEMMING, Secretary of Health, Education and Welfare, Defendant.**

Civ. No. 27–59.

United States District Court
D. Oregon.
June 29, 1959.

Peterson, Pozzi & Lent and Charles Paulson, Portland, Ore., for plaintiff.

C. E. Lucky, U. S. Atty., Robert C. Snashall, Asst. U. S. Atty., Portland, Or., for defendant.

EAST, District Judge.

This is an action under § 205(g) of the Social Security Act (Act), as amended, 42 U.S.C.A. § 405(g), to review a "final decision" of the Secretary of Health, Education and Welfare, consisting herein of a decision of the Appeals Council, Social Security Administration, Department of Health, Education and Welfare, rendered November 17, 1958.

The defendant secretary, in accordance with the usual procedure, has moved this Court for summary judgment in accordance with the provisions of Rule 56 (b) of the Federal Rules of Civil Procedure, 28 U.S.C.A.

Plaintiff's cause contemplates a so-called "disability freeze," that is, the

elimination from the record of earnings of a wage earner the periods of time during which the wage earner is under a disability. A "disability" is defined as "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or to be of long-continued and indefinite duration." 42 U.S.C.A. § 416(i) (1) (A).

A comprehensive history of the claimant's personal history is contained in the referee's decision, dated May 21, 1958, which the office of Appeals Council, under date of November 17, 1958, adopted and incorporated by reference.

This Court considers the findings and order of the referee and the Appeals Council supported by substantial evidence and accurately states the claimant's condition, and the decision of the above administrative bodies correctly conforms to the dictates of the Social Security Act as amended.

The claimant, who under the laws of the State of Oregon has been found permanently and totally disabled within the meaning of the State Workmen's Compensation Act, ORS 656.002 et seq., urges upon this Court the findings of the State administrative body. This Court recognizes the similarity of both the Federal and State Act provisions, but deems a determination by the State administrative body to be in no way determinative of the factual question of whether or not an individual is under a "disability" within the meaning of the Social Security Act.

"Each fact-finding agency is entitled to make its own decision upon the evidence before it, and the fact that another tribunal has reached a different conclusion upon the same issue * * * does not invalidate any decision which has proper evidentiary support." N. L. R. B. v. Pacific Intermountain Express Co., 8 Cir., 228 F.2d 170, 176.

This Court therefore concludes that it has no alternative but to grant the defendant's motion for summary judgment.

Therefore, it is considered, adjudged and ordered that judgment be and the same is hereby entered in favor of defendant and against the plaintiff, and plaintiff's complaint and cause is hereby dismissed, all without prejudice.