Inez A. GLENDENNING, Plaintiff,

v.

Abraham RIBICOFF, Secretary of Health, Education, and Welfare, Defendant.

Civ. No. 13343-4.

United States District Court
W. D. Missouri, W. D.

July 24, 1962.

A. J. Falcone, Kansas City, Mo., for plaintiff.

F. Russell Millin, U. S. Atty., William A. Kitchen, Asst. U. S. Atty., Kansas City, Mo., for defendant.

BECKER, District Judge.

In this civil action, plaintiff, Inez A. Glendenning, seeks review of a final decision of the defendant denying her application to establish a period of disability and for disability insurance benefits. Jurisdiction to hear this action is provided by § 405(g), Title 42, U.S.C.A. The application, denied by the defendant, was for the disability insurance benefits provided by § 423, Title 42, U.S.C.A. The nature and extent of the disability required to be established to secure the benefits is defined in § 416(i)·(1) and in § 423(c) (2), Title 42, U.S.C.A.

The record in this case discloses that the plaintiff based her claim of disability principally upon findings of severe osteoarthritis of a degenerative type involving the cervical, dorsal and lumbosacral spine, with evidence of osteoporosis and osteomalacia, and disc degeneration in the mid cervical and upper lumbar spine. The plaintiff claims that as a result of these conditions she was disabled within the meaning of § 416(i) (1) and § 423(c) (2). Her claims were supported by the professional opinion of Dr. H. B. Overesch, M.D., recognized as a reputable orthopedic surgeon of Kansas City, by whom she was treated, by her own testimony and by the opinion of Dr. J. E. McCormick, M.D., who referred the plaintiff to the orthopedic surgeon.

An internist, Dr. Emery R. Calovich, M.D., who examined the plaintiff, found that she had generalized arteriosclerosis and generalized osteoarthritis, but was of the opinion that it was not totally disabling to her. Dr. Calovich suggested that an evaluation of the pain associated with her condition could be secured from the · treating orthopedic surgeon, Dr. Overesch.

Dr. Lawrence Hayes, M.D., who treated the plaintiff in 1959 for chronic bronchitis with bronchiectasis, reported that the plaintiff's treatment for the respiratory complications had progressed to the point where the plaintiff had achieved optimum improvement, permitting her to be comfortable, ambulatory and relatively asymptomatic. He reported the physical finding of mild osteoarthritis compatible with the age of the patient, but made no x-ray report. It does not appear from the record that either Dr. Hayes or Dr. Calovich was a specialist in the diagnosis or treatment of arthritis.

The hearing examiner was confronted with a record containing the unqualified finding of a competent orthopedic surgeon supporting the disability claim, as well as the opinion of one internist, and the testimony of the plaintiff.

In weighing the evidence, the hearing examiner, who is not shown to be a medical specialist, undertook to discredit the opinion of the orthopedic surgeon, Dr. Overesch, by independent medical research and citations to medical texts without prior notice to the plaintiff and without the benefit of interpretation by professionally competent specialists. By reference to Cecil and Loeb, Textbook of Medicine, the hearing examiner made a finding that Dr. Overesch had made an incorrect diagnosis. By reference to Comroe, Arthritis and Allied Conditions, and Stieglitz, Geriatric Medicine, the hearing examiner found that hypertrophic arthritis could not in any sense be considered so disabling as to render the claimant unable to engage in any substantial gainful activity.

■■ The consideration of this extra-record medical information was erroneous as a matter of law, even if it be assumed that under proper conditions such extra-record information could be noticed and considered by the examiner, a matter not free of doubt. Administrative agents and agencies are not privileged to take judicial notice of evidentiary material which is not a matter of common knowledge. To do so denies to the affected party "the fundamentals of a trial," in the words of Mr. Justice Cardozo, speaking for a unanimous Court, in Ohio Bell Telephone Co. v. Public Utilities Commission, 301 U.S. 292, 57 S.Ct. 724, 728, 729, 81 L.Ed.

1093, l. c. 1099. The practice of noticing evidentiary material after the case has been submitted amounts to a "pretext for dispensing with the trial." Ohio Bell Telephone Co., supra.

 In an administrative hearing where the facts, as in the case at bar, are (1) adjudicative, (2) disputed and (3) critical, nothing less than submission through evidence, subject to cross examination and rebuttal, will normally suffice. 2 Davis, Administrative Law Treatise § 15.10, p. 403.

Furthermore, the Administrative Procedure Act expressly provides the following:

> "Where any agency decision rests on official notice of a material fact not appearing in the evidence in the record, any party shall on timely request be afforded an opportunity to show the contrary." § 1006(d), Title 5, U.S.C.A.

The practice of judicially noticing medical texts after the reception of evidence is closed is inconsistent with this provision of the statute.

There remains a serious question as to whether raw, uninterpreted medical data may be considered by a lay examiner; however, it is not necessary to resolve that question. Since one of the principal bases for the denial of the application and the rejection of the opinions of Drs. Overesch and McCormick was the legally erroneous consideration of the extra-record medical texts, defendant's motion for summary judgment should be overruled, the decision denying plaintiff's application should be reversed and the cause remanded for a rehearing.

The government argues that the evidence produced by the plaintiff did not relate to plaintiff's condition at the time of the filing of the application for benefits. This was not the basis of the administrative denial of the application. This deficiency, if any, can be supplied on rehearing. It is therefore

Ordered that the defendant's motion for summary judgment be, and the same is hereby, overruled. It is further

ORDERED and ADJUDGED that this cause be and the same is hereby, remanded to the defendant, the Secretary of Health, Education, and Welfare, for rehearing under the principles of this order and judgment.