**William H. COOK, Plaintiff,**

v.

**Anthony J. CELEBREZZE, Secretary of Health, Education, and Welfare, Defendant.**

**No. 1723.**

United States District Court
W. D. Missouri,
Southwestern Division.

March 22, 1963.

Rex Titus, Joplin, Mo., James M. Tatum, Pineville, Mo., for plaintiff.

F. Russell Millin, U. S. Atty., William A. Kitchen, Asst. U. S. Atty., Kansas City, Mo., for defendant.

BECKER, District Judge.

In this cause plaintiff, William H. Cook, seeks review of a final decision of

the defendant denying his application to establish a period of disability and for disability insurance benefits. Jurisdiction to hear this action is provided by § 405(g), Title 42, U.S.C.A. The application denied by the defendant was for the disability insurance benefits provided by § 423, Title 42, U.S.C.A. The nature and extent of the disability required to be established to secure the benefits is defined in § 416(i) (1) and in § 423(c) (2), Title 42, U.S.C.A.

As one of the bases for his claim of disability, the plaintiff relied upon a condition described as epilepsy, petit mal. His claim in this regard was supported by the professional opinion of Dr. Walton Forest Dutton, M.D., who stated that the plaintiff had been on his service for three years, "suffering from Petit mal epilepsy," and further indicated that in his opinion this condition was totally disabling. Exhibit 21, transcript, page 88.

The hearing examiner made a finding contrary to this medical evidence, relying chiefly upon an electroencephalographic report from the Veterans Administration Hospital, Kansas City, Missouri, the significance of which was not evaluated by a qualified medical expert. Exhibit 5, transcript page 59, l. c. 61. The examiner stated:

> "A normal encephalogram, the only specific laboratory evidence in the whole record, discounts and negates the existence of any cerebral lesion characteristic of any kind of epilepsy and the claimant's own testimony when questioned at the hearing to describe these so-called blackouts, i. e., that he gets dizzy, finds a dark place, passes out, vomits and has headaches, is entirely uncharacteristic of epilepsy in which there are varying kinds of momentary seizures and accompanying rigidity during which the sufferer is incapable of any conscious movement or arrangement with a total lack of awareness after the seizure has passed." Transcript page 14.

■ In this manner the hearing examiner, who is not shown to be a medical specialist, without the benefit of any opinion evidence from a qualified medical expert, has reached conclusions both with regard to the medical significance of a normal electroencephalographic report and the plaintiff's alleged symptoms, which no one but a qualified medical expert would be qualified to express. If the examiner's opinion is founded on special study, reading or consultation not shown in the record, the hearing examiner has made use of extra-record information, not a matter of common knowledge, from unspecified sources. The plaintiff has been given no opportunity to rebut this evidence. Administrative agents and agencies are not privileged to take judicial notice of evidentiary material which is not a matter of common knowledge. To do so denies to the affected party "the fundamentals of a trial," in the words of Mr. Justice Cardozo, speaking for a unanimous Court, in Ohio Bell Telephone Co. v. Public Utilities Commission, 301 U.S. 292, 57 S.Ct. 784, 81 L.Ed. 1093, loc. cit. 1099. The practice of noticing evidentiary material after the case has been submitted amounts to a "pretext for dispensing with the trial." Ohio Bell Telephone Co., supra. Glendenning v. Ribicoff (W.D. Mo.) 213 F.Supp. 301.

In an administrative hearing where the facts, as in the case at bar, are (1) adjudicative, (2) disputed and (3) critical, nothing less than submission through evidence, subject to cross examination and rebuttal, will normally suffice. 2 Davis, Administrative Law Treatise § 15.10, p. 403.

Furthermore, the Administrative Procedure Act expressly provides the following:

> "Where any agency decision rests on official notice of a material fact not appearing in the evidence in the record, any party shall on timely request be afforded an opportunity to show the contrary." § 1006(d), Title 5, U.S.C.A.

The practice of judicially noticing medical "facts" after the reception of evi-

dence is closed is inconsistent with this provision of the statute.

■ If the hearing examiner did not base his finding upon extra-record information, his finding is without any substantial support in the record. In this connection it should be noted that in the record no medical authority concluded in a final diagnosis that the plaintiff was able to engage in substantially gainful employment or activity. This absence of evidence cannot be supplied by extra record medical opinion not subject to judicial notice, as noted hereinabove.

There is undisputed evidence in the record that the plaintiff suffered a traumatic concussion as a result of shell fire while serving with the field artillery in Germany during the second World War.

The record further shows that the Missouri State Mobile Psychiatric Service has twice examined plaintiff and found him to be chronically disabled, and suffering from incapacity to the point of incapacitating him for vocational employment.

The record also discloses that plaintiff was hospitalized three times at facilities of the Veterans Administration. The final diagnosis by the Veterans Administration authorities was "psychoneurosis, anxiety reaction, characterized by nervousness, tension, inability to keep a job, difficulty in getting along with other people, and inability to cope with adult situations, treated, unchanged. * * * Degree of Incapacity: moderate," accompanied by a quoted form of qualification reading as follows:

" 'The estimated incapacity recorded in this examination is for fuller psychiatric study and treatment purposes. It is not determinative as a basis for compensation of pension purposes.' "

An award of partial disability benefits by the Veterans Administration followed.

■ The examiner determined that the determination of the state agency should not be followed. That was within the power of the defendant. Carpenter v. Flemming (N.D.W.Va.) 178 F. Supp. 791; Thurner v. Flemming (D. Ore.) 188 F.Supp. 307. However, the supporting detailed opinions in the record of the qualified state medical officers should not be ignored but should be given such weight as they deserve. This rule should be followed by the defendant in subsequent proceedings.

■ Moreover, the determination by the Veterans Administration that plaintiff's disability is partial is not conclusive that plaintiff's disability is not sufficient to qualify for disability insurance benefits in this case. One federal agency is not ordinarily concluded by the determination of another. Carpenter v. Flemming and Thurner v. Flemming, supra.

■ In any event the test of inability to engage in "substantially gainful activity" imposed by the Social Security Act as requisite to establish a period of disability, and right to disability benefits is not to be equated with total disability. Total disability need not be proved in this case. Corn v. Flemming (S.D.Fla.) 184 F.Supp. 490.

■ The finding of the examiner that claimant is capable of clerical work could not be sustained on this record. Kerner v. Flemming (C.A.2) 283 F.2d 916. As stated in Kerner, a theoretical ability to engage in some gainful activity is not enough if no reasonable opportunity to do so is available. 283 F.2d 916, loc. cit. 921–922. See also Jacobson v. Folsom (S.D.N.Y.) 158 F.Supp. 281, loc. cit. 286.

For these reasons, and in view of other substantial questions raised by the record and pleadings on file herein, it is

Ordered that defendant's motion for summary judgment on file herein be, and it is hereby, overruled. It is further

Ordered that this cause be, and it is hereby, remanded to the defendant with instructions to hear such further evidence as either party may wish to pre-

sent on the issue of plaintiff's affliction with epilepsy, petit mal, or any other issues, and to make such new findings, consistent with this opinion, as may be required upon all the evidence.