John H. SOSNA

v.

Anthony J. CELEBREZZE, Secretary of Health, Education and Welfare.

Civ. A. No. 34006.

United States District Court
E. D. Pennsylvania.

Oct. 9, 1964.

Medical textbooks used by appeals council to bolster reports of examining physicians were not proof of issue involved within social security administrative regulation requiring specific and complete clinical findings to support physician's statement regarding claimant's impairment. Social Security Administrative Regulations, § 404.1526, 42 U.S.C.A. App.; Social Security Act, §

205(g) as amended 42 U.S.C.A. § 405 (g).

Joseph A. Zane, Schuylkill Haven, Pa., for plaintiff.

Drew J. T. O'Keefe, U. S. Atty., Sullivan Cistone, Asst. U. S. Atty., for defendant.

WOOD, District Judge.

In this matter the plaintiff seeks judicial review of a final decision by the defendant which denied him disability benefits under the Social Security Act. 42 U.S.C.A. § 405(g). Cross motions have been filed by both parties seeking summary judgment under Rule 56.

We do not reach the merits of these motions because of a fundamental error of due process which occurred in the proceedings before the Secretary of Health, Education and Welfare (Secretary).

The plaintiff had prevailed on his claim before the hearing examiner, and

this decision was brought on for review before the Appeals Council on its own motion. Notice of this intended review was duly given to the plaintiff by the defendant, and he was further informed that *five specific* items of additional evidence were to be considered by the Appeals Council. The plaintiff never appeared in person or by counsel before the Appeals Council, although he was advised of such rights by the Secretary. The final decision of the Appeals Council, accompanied by an opinion, was rendered on June 11, 1963.

▆▆ In reaching its decision the Appeals Council did not restrict itself to the *record* and the *five specific* items which it had advised the plaintiff would be the only additional evidence considered. Instead it resorted to the indiscriminate use of medical textbooks throughout its opinion to obviously bolster the reports of its two most recent physicians who had examined Mr. Sosna. These texts, from the language quoted in the opinion, are treatises of a most *general* import intended as comprehensive surveys of their respective topics. While they may be recognized medical authorities, they were not proof of the *specific* issue involved. The Secretary's Regulation 20 C.F.R. 404.1526 requires *"specific* and complete clinical findings" to support a physician's statement regarding an *"individual's* impairment or impairments." · (Emphasis supplied.) It would be impossible for laymen such as the Appeals Council to attribute the conclusions of these textual physicians to the plaintiff's situation since none of these authorities had ever examined the plaintiff. "Administrative agents and agencies are not privileged to take judicial notice of evidentiary material which is not a matter of common knowledge." Cook v. Celebreeze, 217 F.Supp. 366, 368 (W.D.Mo.1963); Glendenning v. Ribicoff, 213 F.Supp. 301 (W.D.Mo. 1962). Such use of extra-record material *without notice* to the affected party is contrary to the Administrative Procedure Act, 5 U.S.C.A. § 1006(d) and violates due process.

Since reference to these texts vitiated the regularity of the Appeals Council proceeding, it appears that a rehearing in this matter is required.

ORDER

And now, this 9th day of October, 1964, it is ordered that the judgment of the Secretary of Health, Education and Welfare be Reversed and the cause remanded to the defendant for a rehearing.

It is further ordered that the cross motions for summary judgment are denied without prejudice.