James B. CAMPBELL,
Plaintiff,

v.

Caspar WEINBERGER, Secretary of Health, Education and Welfare, Defendant.

Civ. A. No. 74–272–E.

United States District Court, N. D. West Virginia, Elkins Division.

Oct. 16, 1975.

Thomas L. Stockert, Jr., Buckhannon, W. Va., for plaintiff.

James F. Companion, Wheeling, W. Va., for defendant.

## MEMORANDUM ORDER

MAXWELL, Chief Judge.

This is an action for judicial review of the final decision of the Secretary of Health, Education and Welfare denying plaintiff's claim for "black lung" benefits pursuant to the Federal Coal Mine Health and Safety Act of

1969, as amended, 30 U.S.C. § 901 *et seq.* Jurisdiction is founded on § 413 (b) of the Act, 30 U.S.C. § 923(b), which incorporates § 205(g) and (h) of the Social Security Act, 42 U.S.C. § 405 (g) and (h), by reference. The sole issue for determination by this Court is whether the Secretary's decision is supported by substantial evidence.

Plaintiff filed his application for benefits on January 12, 1972. After his claim was denied initially on May 22, 1972, it was reexamined in accordance with 1972 amendments to the Act, and was again denied on July 25, 1973. Plaintiff requested a hearing, and the same was held before an administrative law judge on March 13, 1974. The hearing decision, favorable to plaintiff, was rendered on March 29, 1974. On May 6, 1974, the Appeals Council, on its motion determined to review the hearing decision. On October 17, 1974, the Appeals Council reversed the decision of the administrative law judge, and this action constituted the final decision of the Secretary. This action was timely commenced, and is now before the Court on defendant's motion for summary judgment. Plaintiff has submitted a brief in opposition thereto, praying that the Secretary's final decision be reversed.

Plaintiff was born March 16, 1909, and completed the eighth grade in school. He is married and has no children under the age of eighteen years who are living at home or dependent upon him for support. In his application for benefits, he claimed thirteen to fourteen years of underground coal mine employment, and at the hearing, he testified that he had some eighteen years of coal mine employment. He last worked in the coal mines in 1957 or 1958. He is receiving Social Security disability benefits as the result of a back injury.

Plaintiff and his wife testified at his "black lung" hearing. Additional exhibits were received in evidence at the hearing, and plaintiff's wife testified that plaintiff has a chronic cough and that he spits up a lot. She also testified that plaintiff is very susceptible to colds which persist for extended periods of time.

The medical evidence consists of two reports of physical examination in January and August, 1968, two chest x-rays, three pulmonary function study reports, and a statement from plaintiff's treating physician. This evidence will be discussed more fully below.

■ In order to establish entitlement to benefits under the Act, plaintiff must establish that he was a coal miner, that he is totally disabled due to pneumoconiosis which arose out of his employment in the Nation's coal mines, and that he has filed a claim for benefits in accordance with the Act and the pertinent regulations. The Secretary's final decision acknowledges that plaintiff was a coal miner and that he has filed a proper application, but denies that plaintiff is totally disabled due to pneumoconiosis which arose out of his coal mine employment.

■ Pneumoconiosis is defined as a chronic dust disease of the lung arising out of employment in a coal mine, 30 U.S.C. § 902(b), and includes the diseases and conditions designated in 20 C.F.R. § 410.110(*o*). Total disability is defined in § 402(f) of the Act, 30 U.S.C. § 902(f), and in the regulations prescribed by the Secretary. *See* 20 C.F.R. § 410.412 and other regulations referred to therein. The Secretary, pursuant to the mandate of § 411(b) of the Act, 30 U.S.C. § 921(b), has promulgated regulations for determining whether a miner is totally disabled due to pneumoconiosis. Social Security Regulations No. 10, Subpart D, 20 C.F.R. § 410.401 *et seq.* These regulations, along with the statutory standards and presumptions, establish the alternative tests for entitlement.

The first alternative is under the interim adjudicatory rules set forth in 20 C.F.R. § 410.490. Under these rules,

there is a rebuttable presumption of total disability due to pneumoconiosis where (1) an x-ray, biopsy or autopsy establishes the existence of simple pneumoconiosis, or (2) in the case of a coal miner who worked 15 years or more in underground or comparable coal mine employment, ventilatory function studies establish the presence of a chronic respiratory or pulmonary disease as demonstrated by values equal to or less than those set forth in the table in the regulation.[1]

In this case, there was no lung biopsy performed. A chest x-ray taken at the Golden Clinic, Elkins, West Virginia, on March 13, 1972, was interpreted as showing pneumoconiosis, category 2 P.[2] This x-ray was reread by two Board certified radiologists, Dr. B. W. Gayler and Dr. Athena Y. King, as completely negative for pneumoconiosis. Another x-ray taken at the offices of Doctors Squire, Goodwin, and Sexton in Charleston, West Virginia on September 7, 1973, was read as showing scattered fibrosis bilaterally, but was otherwise negative.

■ The Secretary, rather than the courts, is charged with reconciling inconsistencies in the evidence. *Oppenheim v. Finch*, 495 F.2d 396, 397 (4th Cir. 1974). In so doing, his findings must be upheld if supported by substantial evidence. Substantial evidence has been defined as

" . . . evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It

consists of more than a scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is 'substantial evidence'."

*Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1968).

In applying this standard to the Secretary's evaluation of the x-ray evidence, the Court is of opinion that it is supported by substantial evidence, and therefore must not be disturbed.

■ Three pulmonary function studies were performed. The first of these yielded a one second forced expiratory volume ($FEV_1$) of 2.8 liters and a maximal voluntary ventilation (MVV or MBC) of 67 liters per minute. The results of the second test were $FEV_1$ of 3.2 liters and MVV of 115 liters per minute. The third test showed an $FEV_1$ of 2.9 liters and an MVV of 107 liters per minute. Plaintiff's height was shown as 69 inches, and a comparison of the test results with the table in 20 C.F.R. § 410.490 (n. 1, *supra*), reflects that either the $FEV_1$ or MVV, or both, exceeded the table values in all three tests. Thus, plaintiff is not entitled to the rebuttable presumption under either of the alternatives in 20 C.F.R. § 410.-490.

■ The Court has carefully considered the record in this case with respect to the various means of establishing entitlement under the various alternatives prescribed in the permanent rules.[3] The

1. This table reads as follows:

| [Height] | Equal to or less than- | |
| | $FEV_1$ and | MVV |
| --- | --- | --- |
| 67" or less | 2.3 | 92 |
| 68" | 2.4 | 96 |
| 69" | 2.4 | 96 |
| 70" | 2.5 | 100 |
| 71" | 2.6 | 104 |
| 72" | 2.6 | 104 |
| 73" or more; and | 2.7 | 108 |

2. Neither the roentgenographic interpretation nor an indication of the name of the physician who interpreted the x-ray is in the record.

3. 20 C.F.R. §§ 410.410–410.430 and the Appendix to Subpart D of the regulations.

only evidence, other than that previously discussed, that would tend to establish plaintiff's eligibility under these rules is the conclusory statement of Dr. Rusmisell that plaintiff "is suffering from pneumoconiosis" and that plaintiff had been under his treatment for three years for the condition.[4] This statement is unsupported by any clinical evidence, and is in conflict with the other medical evidence in the record. Thus, the Court is of opinion that the Secretary's conclusion that plaintiff failed to establish entitlement under the permanent regulations is supported by substantial evidence.

20 C.F.R. § 410.470 provides that findings of disability by other governmental or non-governmental agencies are not determinative of disability under the Act because of differing definitions of disability. The term "other governmental agency" includes the Social Security Administration with respect to a decision relating to entitlement to disability insurance benefits. Under the provisions of 20 C.F.R. § 410.426, a miner may be determined to be totally disabled due to pneumoconiosis only if that disease is the primary reason for his inability to engage in comparable gainful work. Medical impairments other than pneumoconiosis may not be considered. *Id.* Thus, plaintiff's disability based on his orthopedic impairment may not be considered in determining his entitlement under the Act.

In his brief in opposition to defendant's motion for summary judgment, plaintiff contends that the Appeals Council did not give sufficient weight to the administrative law judge's decision, particularly in view of the fact that he had the opportunity to observe the demeanor of the witnesses and weigh their credibility, whereas the Appeals Council's decision was based upon only a review of the record. Plaintiff characterizes the Appeals Council's no-

tice of its determination to review the administrative law judge's decision with the requisite notice of opportunity for plaintiff to appear personally, as "perfunctory", and asserts that the plaintiff was not advised or given notice of "those questions of fact or questions of credibility under review." (Plaintiff's brief, p. 5). Plaintiff further alleges that he "is unable to determine the information, if any, utilized by the Appeals Council to review Judge Crothers' decision." (Plaintiff's brief, p. 8). In conclusion, plaintiff asserts that the administrative law judge's decision is supported by substantial evidence and that the Appeals Council's decision, the final decision of the Secretary, is not.

It is a well-established rule that although a trial examiner's findings may not be ignored, his findings are not binding upon the agency he serves. *Peterson v. Gardner*, 391 F.2d 208, 209 (2nd Cir. 1968). As plaintiff suggests, the findings of the trial examiner are entitled to great weight when they rest on credibility determinations, and cannot be rejected by the agency if the overriding factual matters relied upon by the agency are not impressive. *Dolan v. Celebrezze*, 381 F.2d 231, 233 (2nd Cir. 1967). It appears to the Court from the record that here the credibility of the witnesses was of less significance than was the case in *Nichols v. Cohen*, 290 F.Supp. 207 (S.D.Ill.1968), relied on by plaintiff. The administrative law judge's decision does not reflect his analysis of the conflicting x-ray evidence or indicate the weight he attached to Dr. Rusmissel's statement. It may be presumed that the conflicting evidence and the failure of the administrative law judge to document the basis for his decision prompted the Appeals Council's determination to review the hearing decision. The Appeals Council's notification of this action adequately advised plaintiff of the nature of the review to be undertaken, and of plaintiff's rights with

---

4. The physical examinations of plaintiff by Dr. Robert S. Wilson in January, 1968, and by Dr. R. T. Humphries in August of that year were related solely to plaintiff's ortho-

pedic problems, and the reports contain no information relevant to plaintiff's claim for "black lung" benefits.

respect thereto. Unlike the situation in *Sosna v. Celebreeze*, 234 F.Supp. 289 (E. D.Pa.1964), there is nothing in the record here to indicate that the Appeals Council utilized extra-record material, and the violations of the Administrative Procedure Act and of due process requirements found to exist in *Sosna* are not present in this action.

It must be reiterated that the Court's function is not to try this matter *de novo*, but to determine whether the Secretary's decision is supported by substantial evidence.[5] For the reasons stated herein, the Court is of opinion that there is substantial evidence to support the final decision of the Secretary, and accordingly it is

Ordered that the defendant's motion for summary judgment be, and the same is hereby granted; that plaintiff's prayer for reversal of the Secretary's final decision be, and the same is hereby, denied; and that this action is hereby dismissed and retired from the docket.

---

5. In response to plaintiff's contention that there is substantial evidence to support his claim, the Court refers to *Estep v. Richardson*, 459 F.2d 1015, 1016–1017 (4th Cir. 1972), wherein the Court stated that the Secretary's decision must be affirmed if supported by substantial evidence, even though the Court may believe that substantial evidence also supports a contrary result.