John LITWAK, Social Security Number, 164–18–0541, Plaintiff,

v.

SECRETARY OF HEALTH, EDUCATION & WELFARE of the United States, Defendant.

Civ. A. No. 76–1738.

United States District Court, E. D. Pennsylvania.

April 12, 1977.

Lester Krasno, Pottsville, Pa., for plaintiff.

David W. Marston, U. S. Atty., Alfred A. Gollatz, Asst. U. S. Atty., Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

RAYMOND J. BRODERICK, District Judge.

This action is brought under § 413(b) of the Federal Coal Mine Health and Safety

Act of 1969 ("Act"), as amended in 1972, 30 U.S.C. § 923(b), incorporating § 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Secretary of Health, Education and Welfare denying the plaintiff black lung benefits. The decision rendered by the Administrative Law Judge on March 15, 1976 became the final decision of the Secretary in this case when the Appeals Council approved it on May 14, 1976. The final decision held that the plaintiff was not entitled to black lung benefits under § 411(a) of the Act, as amended, 30 U.S.C. § 921. This matter is before this Court on cross-motions for summary judgment.

Plaintiff filed an application for black lung benefits on June 1, 1973. The claim was initially disallowed by the Bureau of Disability Insurance ("Bureau") on April 18, 1974. On October 12, 1974, upon plaintiff's request for reconsideration, the claim was again denied. The denial was affirmed on February 6, 1975. The Administrative Law Judge before whom plaintiff and his attorney appeared considered the case *de novo* and found that the plaintiff was not entitled to benefits under the Act.

■ Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), incorporated by § 413(b) of the Act, 30 U.S.C. § 923(b), provides in pertinent part that:

The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive  .  .  .  .

The central issue, therefore, is narrowly circumscribed, *i. e.,* whether there is substantial evidence upon the record as a whole to support the findings and the final decision of the Secretary that plaintiff was not totally disabled due to pneumoconiosis arising out of employment in the Nation's underground coal mines as of June 30, 1973.

■ "Substantial evidence" has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v.*

*Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971).[1] " 'It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance' of the evidence." *Ginsburg v. Richardson,* 436 F.2d 1146 (3d Cir. 1971).

After a careful review of the record and of the briefs, and for the reasons hereinafter set forth, this Court is of the opinion that the record in this case must be remanded to the Secretary for further proceedings for the reason hereinafter set forth.

Plaintiff, John Litwak, was born on March 7, 1912 in Pennsylvania. He completed the eighth grade and has no other special training.

Plaintiff began working in the coal mines in 1929, and until 1943, when he entered the military service, he worked inside various mines as a general laborer dumping cars and shoveling and cleaning up coal. He returned to the mines in 1945, and remained there until 1947 when his family doctor, Dr. Schmidt, insisted that he leave the mines because of his health.[2] From 1947 until 1967, plaintiff worked as an inspector of batteries for the Electric Storage Battery Company of Connecticut. For six months in 1967 he worked as a bank custodian, and from 1969 until 1974 plaintiff worked for a mobile home construction company where he wired trailer walls. He left this job on the suggestion of his doctor because of shortness of breath.

Plaintiff is presently retired on social security. Plaintiff testified that he has: difficulty breathing; has had shortness of breath since 1964 or 1965; has difficulty sleeping at night, having ten to twelve coughing spells each night; and has had a cough for at least 15 years, which produces a grayish phlegm. He further testified that he can walk only about a quarter of a block on level ground; can stand for only one half hour before he must sit down; is unable to do any chores around the house;

1. *Quoting Consolidated Edison Co. v. NLRB,* 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed. 126 (1938).

2. At that time, plaintiff complained of coughing and shortness of breath and daily nosebleeds on his return home after working in the mines.

is unable to perform even light recreational activities; and is presently on medication for his respiratory ailments.

■ In order for plaintiff to be entitled to benefits under the Act, he must establish that (1) he was a miner, (2) he was totally disabled due to pneumoconiosis arising out of employment in the Nation's coal mines, and (3) he has filed a claim in accordance with the appropriate regulations. Since the Secretary has found that plaintiff was a coal miner and that he filed a proper application for benefits, the only matter in dispute is whether plaintiff established that he is totally disabled due to pneumoconiosis arising out of his employment in the coal mines.

Section 411 of the Act, 30 U.S.C. § 921, provides in part that:

(a) The Secretary shall, in accordance with the provisions of this part . . . make payments of benefits in respect of total disability of any miner due to pneumoconiosis . . . .

(b) The Secretary shall by regulation prescribe standards for determining for purposes of subsection (a) of this section whether a miner is totally disabled due to pneumoconiosis . . . .

"Total disability" is defined in § 402(f) of the Act, 30 U.S.C. § 902(f), and in the Regulations thereunder. *See* 20 C.F.R. § 410.412(a).

Pursuant to § 411(b) of the Act, the Secretary has promulgated Regulations for determining whether a miner is totally disabled due to pneumoconiosis. *See* 20 C.F.R. §§ 410.401 *et seq.* These Regulations, in pertinent parts, provide:

(a) *General.* A finding of the existence of pneumoconiosis as defined in § 410.110(*o*)(1) may be made under the provisions of § 410.428 by:

(1) Chest roentgenogram (X-ray); or

(2) Biopsy; or

(3) Autopsy.

(b) *Presumption relating to respiratory or pulmonary impairment.* (1) Even though the existence of pneumoconiosis is not established as provided in paragraph (a) of this section, if other evidence demonstrates the existence of a totally disabling chronic respiratory or pulmonary impairment (see §§ 410.412, 410.422, and 410.426), it may be presumed, in the absence of evidence to the contrary (see subparagraph (2) of this paragraph), that a miner is totally disabled due to pneumoconiosis, or that a miner was totally disabled due to pneumoconiosis at the time of his death.

(2) This presumption may be rebutted only if it is established that the miner does not, or did not, have pneumoconiosis, or that his respiratory or pulmonary impairment did not arise out of, or in connection with, employment in a coal mine.

(3) The provisions of this paragraph shall apply where a miner was employed for 15 or more years in one or more of the Nation's underground coal mines . . . . .

(4) However, where the evidence shows a work history reflecting many years of such coal mine employment (although less than 15), as well as a severe lung impairment, such evidence may be considered, in the exercise of sound judgment, to establish entitlement in such case, provided that a mere showing of a respiratory or pulmonary impairment shall not be sufficient to establish such entitlement.

(c) *Other relevant evidence.* Even though the existence of pneumoconiosis is not established as provided in paragraph (a) or (b) of this section, a finding of total disability due to pneumoconiosis may be made if other relevant evidence establishes the existence of a totally disabling chronic respiratory or pulmonary impairment, and that such impairment arose out of employment in a coal mine. As used in this paragraph, the term "other relevant evidence" includes medical tests such as blood gas studies, electrocardiogram, pulmonary function studies, or physical performance tests, and any medical history, evidence submitted by

the miner's physician, his spouse's affidavits, and in the case of a deceased miner, other appropriate affidavits of persons with knowledge of the individual's physical condition, and other supportive materials. In any event, no claim for benefits under Part B of title IV of the Act shall be denied solely on the basis of a negative chest roentgenogram (X-ray).

20 C.F.R. § 410.414.

Where a ventilatory study and/or a physical performance test is medically contraindicated, or cannot be obtained, or where evidence obtained as a result of such tests does not establish that the miner is totally disabled, pneumoconiosis may nevertheless be found totally disabling if other relevant evidence (see § 410.414(c)) establishes that the miner has (or had) a chronic respiratory or pulmonary. impairment, the severity of which prevents (or prevented) him not only from doing his previous coal mine work, but also, considering his age, his education, and work experience, prevents (or prevented) him from engaging in comparable and gainful work.

20 C.F.R. § 410.426(d).

■ The Administrative Law Judge found that neither plaintiff's X-rays nor his ventilatory studies established that he had pneumoconiosis as of June 30, 1973. This finding is supported by substantial evidence. However, under the above quoted regulations, even if the miner's X-rays and ventilatory studies do not establish disabling pneumoconiosis, he may establish such a disability through "other relevant evidence." As stated in the regulations, "other relevant evidence" includes: "any medical history, evidence submitted by the miner's physician, his spouse's affidavits". 20 C.F.R. § 410.414(c). The Administrative Law Judge was aware of this regulation, because in his evaluation of the evidence, he stated:

Under these rules, Regulation 410.414(c) provides that under certain conditions, in addition to the consideration of x-ray and pulmonary function studies, the requisite disability may be established by other relevant evidence. In this regard, the claimant testified that he is shortwinded and coughs frequently and has productive grey phlegm. He takes medication for relief of coughing spasms and has been under the care of an attending physician for many years. He can only walk about a quarter of a city block without undue discomfort, and does not climb stairs. He has a chest pain frequently at night for which he takes a pill to bring on relief. He has nausea due to the chest pain and may vomit on occasion, from one to three times a day. The miner does not engage in any chores around the home—his wife discharges those duties—and he can feed and dress himself. He has difficulty sleeping, using one pillow for propping, and usually retires at 8:30 P.M. and is up at 5:30 A.M. the next morning with about five hours of sleep. While the miner has reported positive symptoms, the other evidence in this case is not sufficient to overcome the normal ventilatory function study and chest x-ray evidence which is negative for evidence of pneumoconiosis.

As previously stated, the interim criteria also provides that a miner may establish total disability under the permanent criteria which includes consideration of the severity of his impairment in the light of his age, education, and work experience. These criteria are more stringent than the interim rules and do not permit a finding of total disability in this case. While a miner may be precluded from comparable work activity because of his age, for example, the regulations require that a miner be precluded from work activity primarily due to pneumoconiosis. Where the medical findings show no pneumoconiosis or presumed pneumoconiosis and pulmonary function values exceeding the FEV1%l regulatory criteria, ± no reasonable basis is provided for finding a totally disabling chronic respiratory or pulmonary impairment within the meaning of the Act.

Plaintiff did present "other relevant evidence" for the purpose of establishing the

existence of a chronic respiratory or pulmonary impairment. The regulations provide that where a miner was employed for 15 or more years in the Nation's underground coal mines, and has established through other evidence the existence of a totally disabling chronic respiratory or pulmonary impairment, it may be presumed that the miner is totally disabled due to pneumoconiosis. 20 C.F.R. § 410.414(b). The Administrative Law Judge found that the plaintiff had *at least* ten years of coal mine employment. It is unclear whether by this the Judge was finding that the plaintiff did not qualify for the presumption which arises after 15 years of coal mine employment. In making this finding, the Administrative Law Judge stated that the plaintiff's social security records for the years 1940–47 established four years of coal mine employment and that lay statements by co-workers attest to coal mine employment from 1925–1935—a period which might be interpreted as either ten or eleven years. Given the record in this case, which could support plaintiff's allegation of 15 or more years employment in the Nation's coal mines, the Administration Law Judge should have made a specific finding as to the duration of plaintiff's coal mine employment.

■ If the Administrative Law Judge finds that plaintiff had at least 15 years coal mine employment, then pursuant to 20 C.F.R. § 410.414(c) he must determine whether plaintiff's "other relevant evidence" establishes the existence of a totally disabling chronic respiratory or pulmonary impairment. Instead, the Administrative Law Judge made a general finding in which he specifically relied on plaintiff's X-rays and ventilatory studies. We agree with the reasoning of the court in *Ansel v. Weinberger*, 529 F.2d 304 (6th Cir. 1976) which rejected the Secretary's contention that a presumption of disability under 20 C.F.R. § 410.414(b) could be rebutted by negative X-rays and negative pulmonary studies. The court stated:

It is obvious that the negative X-rays may not be relied upon to rebut the presumption of [20 C.F.R. § 410.414(b)].

. . . The very existence of a negative X-ray is a prerequisite to reliance upon the presumption of pneumoconiosis as established by other evidence. . . Nor do we believe the presumption . . can be rebutted by showing that pneumoconiosis was not established by pulmonary function studies. The regulation which establishes the levels required for a finding of disabling pneumoconiosis on the basis of a ventilatory study does not purport to provide proof of the nonexistence of pneumoconiosis.

*Id.* at 309–310.

■ As we have heretofore pointed out, if the plaintiff can establish (1) at least 15 years coal mine employment, and (2) through other evidence the existence of a totally disabling chronic respiratory or pulmonary impairment, as of June 30, 1973, it may be presumed that he is totally disabled due to pneumoconiosis. The Secretary may then proceed to rebut this presumption with proper evidence.

■ Since the Secretary made a finding that "the claimant has at least 10 years of coal mine employment", it is unclear as to whether the claimant was entitled to the 15 years presumption of 20 C.F.R. § 410.414(b), and if so whether he had established through other relevant evidence that he suffered from a totally disabling chronic respiratory or pulmonary impairment as of June 30, 1973. The record in this case will be remanded to the Secretary for such findings and such further proceedings as may be necessary.