**Lee Roy BANKS, Plaintiff-Appellee,**

v.

**Anthony J. CELEBREZZE, Secretary of Health, Education and Welfare, Defendant-Appellant**

**No. 15812.**

United States Court of Appeals
Sixth Circuit.

Feb. 20, 1965.

Sherman L. Cohn, Atty., Dept. of Justice, Washington, D. C. (John W. Douglas, Asst. Atty. Gen., Marilyn S. Talcott, Atty., Dept. of Justice, Washington, D. C., George I. Cline, U. S. Atty., Lexington, Ky., on the brief), for appellant.

Alva A. Hollon, Hazard, Ky., for appellee.

Before MILLER, O'SULLIVAN and EDWARDS, Circuit Judges.

EDWARDS, Circuit Judge.

Lee Roy Banks, claimant in this case, sought a period of disability and disability insurance benefits under the Social Security Act (42 U.S.C. §§ 416(i) and 423).

The Hearing Examiner, after hearing, concluded that these benefits should be denied because claimant was not disabled within the meaning of the Social Security Act, 42 U.S.C. §§ 416(i) (1) (A) and 423(c) (2). The Secretary of the Department of Health, Education and Welfare, through action of the Appeals Council, adopted the Hearing Examiner's decision.

The District Judge who heard claimant's petition for review of this adverse decision found no substantial evidence to support the Trial Examiner's finding. He thereupon reversed and remanded the case, directing that claimant be granted both a period of disability and disability insurance benefits.

Unfortunately, the brief memorandum and order entered does not advise us on what grounds he reached either conclusion. See Celebrezze v. Zimmerman, 339 F.2d 496 (C.A.5, 1964).

 Disability insurance benefits are payments made to an individual who is insured under the Social Security Act when he becomes disabled within the meaning of the Act. A period of disability is, however, simply the freezing of an insured individual's benefit status so that his retirement benefit rights are preserved, even though he does not do any more work in an employment covered by Social Security. Generally the requirements for both disability benefits and disability freeze are the same. But this is not true where, as here, an individual has achieved an insured status for disability purposes under railroad employment.[1]

This record clearly shows that Lee Roy Banks has held only two regular jobs in his lifetime—one with the L & N Railroad for 15 years and one with the L & H Coal Company for four and one-half years. Claimant's railroad employment was not subject to Social Security coverage. 42 U.S.C. § 410(a) (9).[2] As to claimant's nonrailroad employment (which was covered by Social Security) coverage for twenty quarters is required for payment of disability insurance benefits. 42 U.S.C. § 416(i) (3) (B).

It is conceded that without borrowing railroad service claimant has only 17 of the 20 quarters needed for Social Security disability benefits.

 It appears clear that the statute does not provide for such "borrowing" for purposes of disability insurance benefits. 42 U.S.C. § 410(a) (9). A specific provision for borrowing from railroad service is provided for establishment of

---

1. Claimant, prior to filing this Social Security application, had applied for and been refused disability benefits under the Railroad Retirement Act.

2. Section 210(a) (9) of the Social Security Act, as amended, 42 U.S.C. 410(a) (9), provides in pertinent part:

"(a) The term 'employment' means any service performed after 1936 and prior to 1951 which was employment for the purposes of this subchapter under the law applicable to the period in which such service was performed, and any service, of whatever nature, performed after 1950 * * * except that, in the case of service performed after 1950, such term shall not include—
* * *

"(9) Service performed by an individual as an employee * * * as defined in section 1532 of Title 26;" 42 U.S.C. 410 (a) (9).

Section 1532 of Title 26, part of the Railroad Retirement Tax Act, now Section 3231 of the Internal Revenue Code of 1954, 26 U.S.C. § 3231, provides:

"(a) [T]he term 'employer' means any carrier (as defined in subsection (g)), * * *

"(b) [T]he term 'employee' means any individual in the service of one or more employers for compensation; * * * * * *

"(g) [T]he term 'carrier' means * * * [a] carrier by railroad, subject to part I of the Interstate Commerce Act." 26 U.S.C. § 3231.

a period of disability, but it is limited to this purpose only.

"For the purpose of meeting disability insured status requirements for the establishment of a period of disability only, quarters of coverage may be granted for:

"(a) Compensation for service after 1936 covered by the Railroad Retirement Act (See Subpart O of this part) ["Interrelationship of Old-Age Survivors and Disability Insurance Program with the Railroad Retirement Program," 20 C.F.R. 404.1401–404.1410] even though such compensation may not be used for other purposes of Title II of the Social Security Act because the individual has 120 or more months of such service." 20 C.F.R. 404.120, 42 U.S.C.A. App. (1963 Supp.).

The claim herein to disability benefits is therefore barred, and the District Judge's judgment as to that as part of the case is hereby reversed.

■ Provision has been made, however (as just noted), for "borrowing" railroad service for purposes of the establishment of a period of disability only. As we have noted, this provision has the practical effect of freezing a claimant's benefit status as of the date of his disability for purposes of ultimate payment of Social Security retirement benefits. But here also a claimant for such a freeze must establish disability within the meaning of the Social Security Act, 42 U.S.C. § 416(i) (1) (A) and § 423(c) (2).

As to the District Judge's finding that there is no substantial evidence to support the Trial Examiner's conclusion that this claimant is not disabled and is capable of substantial gainful employment, we review a difficult record and one we find inadequate in one respect.

It is undisputed that this 39-year old claimant's physical health is good. But it is also undisputed that he has a 65 I.Q. and that his adjustment to possible employment is seriously affected by an anxiety neurosis. Both factors make it difficult for him to follow direction and render him accident prone.

No one who reviews this entire file can help being impressed with the obvious fact that claimant's mental and psychological problems are real, substantial and undisputed. They are not new but have been a part of claimant's history from infancy; and the testimony contained in this record strongly suggests that claimant never has been employable in any normal sense of the term.

■ Nonetheless, as we have previously noted, the employment records relied upon by claimant to establish Social Security coverage clearly show that he did work for a period of nearly 20 years at two separate jobs. Clearly, absent a marked change thereafter in claimant's physical or mental capabilities, such an employment record would in itself constitute "substantial evidence" of capacity to do substantial work and would require affirmance of the Hearing Examiner's finding. King v. Celebrezze, 341 F.2d 108 (C.A.6, 1965).

As we read claimant's brief, it apparently is his contention that claimant has never been able to work successfully in his life, except in highly protected employment where there was great family support or influence. The reliance in this regard is on the fact that claimant's railroad work was that of a section hand on a gang of which his father was foreman, and on the fact that his work at the mine was attended by difficulties which led to his discharge. Although the District Judge's memorandum does not so advise us, he must have adopted this view of the facts.

■ Our own review of this record convinces us that it is completely inadequate for a fair finding of fact on this issue. No witness testified who had ever supervised claimant's work or who had ever worked with him. Specific evidence from such sources—directly bearing on claimant's assertions of disability—obviously is available and should be adduced.

Reversed and remanded for entry of an order denying disability insurance benefits and for the taking of further testimony upon the claim for a period of disability in accordance with this opinion.