**Clyde W. KING, Jr., Plaintiff-Appellant,**

v.

**John W. GARDNER, Secretary of Health, Education and Welfare, Defendant-Appellee.**

**No. 16608.**

United States Court of Appeals
Sixth Circuit.

Jan. 5, 1967.

Sidney W. Gilreath, Knoxville, Tenn. (Gilreath & Brown, Knoxville, Tenn., of counsel), for appellant.

John H. Cary, Knoxville, Tenn. (J. H. Reddy, U. S. Atty., John H. Cary, Asst. U. S. Atty., Knoxville, Tenn., on the brief), for appellee.

Before WEICK, Chief Judge, O'SULLIVAN, Circuit Judge, and GORDON, District Judge.

O'SULLIVAN, Circuit Judge.

This is an appeal from District Court affirmance, by summary judgment, of denial of social security disability benefits to the plaintiff, Clyde W. King, Jr. The issue for our consideration is succinctly presented in the opinion of District Judge Robert L. Taylor of the Eastern District of Tennessee:

"This case is one of first impression and raises the question of whether a man who is subject to epileptic seizures at approximately six to eight week intervals is disabled within the meaning of the Act."

We affirm the judgment of the District Court primarily upon the opinion of Judge Taylor, reported as King v. Celebrezze, 240 F.Supp. 177, (E.D.Tenn. 1965). The facts are fully set forth in that opinion and we discuss some of them and cite applicable law only to expose our reasons for affirmance.

At the time of his application for benefits in 1963 plaintiff, then 38 years old, was, but for his occasional seizures, strong and able-bodied, capable of the work which he had been engaged in for many years—the unloading and handling of produce at markets located in Knoxville, Tennessee. He was the father of three children, although his marriage had recently ended in divorce. The normality of his life is otherwise portrayed by his evidence that he and his wife had enjoyed square dancing and roller skating. The testimony does not disclose a complete history of just how often his seizures occurred: the plaintiff had gone as long as a year without an attack; recent intervals had been between six to eight weeks, although there was some evidence of longer periods without any disturbance. It was not claimed that his seizures had become more frequent just prior to the time of his application for benefits.

The record furnishes us with a rough chronology of plaintiff's various employments. His longest period of work for one employer was for 15 years with the A & P Grocery chain. It is a fair inference, and there is no contrary evidence, that this employer's representatives were aware of, but tolerated, the occasional interruption of his work brought on by his seizures. There is no evidence that he was terminated at A & P because of his affliction. After leaving that concern, he worked for another which had a contract with A & P for loading tractors and trailers. His application for benefits filed June 23, 1963, indicated that during the 15 months prior to that date he had worked for the C. L. Shanks Produce Co. from March to November, 1962, and for that company's successor, H & R Food Co., from November, 1962, to February, 1963; this was followed by employment with McCowan & Sons Produce from March, 1963, to May, 1963, and then with Neil Produce Co. from June, 1963, "off and on continuing." Without precise definition of the terms, plaintiff referred to his work for A & P and other concerns as being "part time" and "off and on."

The District Court opinion sets out plaintiff's income over the ten year period that preceded his 1963 application; his largest earnings of $3,034.80 were made in the calendar year of 1962. Certainly these earnings were modest, but the Secretary's examiner could infer from them that plaintiff had failed to meet the then statutory test of his eligibility for benefits:

> "[T]he term 'disability' means inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or to be of long-continued and indefinite duration." §§ 216(i) (1), 223(c) (2) of the Act, 42 U.S.C. §§ 416(i) (1) and 423(c) (2).

■ There is no question but that this unfortunate young man is afflicted with a medically determinable impairment which can be expected to be of long-continued and indefinite duration, and we recognize that his condition inevitably and to some degree reduces his opportunities for steady employment. It was his burden, however, to establish that he was thereby prevented from engaging in "any substantial gainful activity," within the meaning of the Social Security Act. Justice v. Gardner, 360 F.2d 998, 1001, 1002 (CA 6, 1966); Erickson v. Ribicoff, 305 F.2d 638, 640 (CA 6, 1962).

■ As set forth in the District Court opinion, plaintiff testified that latterly employers terminated his work when they learned that he was subject to epileptic seizures. He did not give the times or identify the employers who did so. A doctor's report dated July 2, 1963, confirmed the undisputed fact of plaintiff's epileptic seizures and recited that his present attacks were occurring approximately every six weeks or two months. It recited that plaintiff had told him about being let go from jobs and stated that "He is now unable to obtain gainful employment because of his seizures." This observation was of course a conclusion from his patient's statement to him. Whether plaintiff was so prevented from engaging in any gainful employment was a question of fact for resolution by the Secretary and his examiner. Celebrezze v. Kelly, 331 F.2d 981, 982 (CA 5, 1964). Whatever might be our own view, we think that the Secretary could permissibly weigh the evidence of plaintiff's own work record against his testimony that he would generally lose his job when his illness was discovered and conclude that plaintiff was not disabled within the meaning of the applicable law. Banks v. Celebrezze, 341 F.2d 801, 804 (CA 6, 1965). Neither this Court nor a District Court is at liberty to consider the vital factual issue de novo. We inquire only whether the Secretary's finding was supported by substantial evidence. Social Security Act, § 205(g), 42 U.S.C.A. § 405(g); King v. Celebrezze, 341 F.2d 108, 109 (CA 6, 1965); Thomas v. Celebrezze, 331 F.2d 541, 543 (CA 4, 1964). We agree with the District Judge's view that it cannot be said that there was not substantial evidence to support the Secretary. We have examined decisions which have considered the incidence of epilepsy in social security cases. Their facts distinguish them from our case. Bramlett v. Ribicoff, 298 F.2d 858 (CA 4, 1962); Bagwell v. Celebrezze, 232 F.Supp. 989 (W.D.S.C.1964); Blevins v. Fleming, 180 F.Supp. 287 (W.D.Ark.1960); Cook v. Celebrezze, 217 F.Supp. 366 (W.D. Mo.1963).

Sharing the District Judge's feeling, we regret that we cannot provide Mr. King with a remedy that might in some degree make up to him for the burden of his affliction. The law, however, has not given us the means to do so.

Judgment affirmed.