**Wanda C. HARRISON, Plaintiff-Appellant,**

v.

**Elliott L. RICHARDSON, Secretary of Health, Education and Welfare, Defendant-Appellee.**

**No. 21065.**

United States Court of Appeals, Sixth Circuit.

Decided and Filed Sept. 17, 1971.

Whayne C. Priest, Jr., Bowling Green, Ky., for appellant.

James H. Barr, Louisville, Ky. (George J. Long, U. S. Atty., W. Waverley Townes, Asst. U. S. Atty., Louisville, Ky., on the brief), for appellee.

Before PHILLIPS, Chief Judge, and BROOKS and KENT, Circuit Judges.

PER CURIAM.

Plaintiff-Appellant, Wanda C. Harrison, appeals from the District Court's order granting summary judgment affirming the denial of disability benefits by the Secretary of Health, Education and Welfare.

It is not disputed in this record that claimant now suffers from rheumatoid arthritis and for some years has been totally and permanently disabled. Also, not questioned is the fact that claimant's special earnings requirements for disability purposes under the Social Security Act expired September 30, 1950. Her application for benefit payments was not filed until March 29, 1968, more than eighteen years after she last met the coverage requirements of the Act.

For claimant to recover disability insurance benefits, she has the burden of proof for establishing that her disability commenced at a time when she met the coverage requirements of the Act. 42 U.S.C. §§ 416(i) and 423(c) (2); Nelson v. Gardner, 386 F.2d 92 (6th Cir. 1967); Justice v. Gardner, 360 F.2d 998, 1002 (6th Cir. 1966); Banks v. Celebrezze, 341 F.2d 801 (6th Cir. 1965), and the mere admitted current disability of claimant is not enough to entitle her to recover such benefit payments. Henry v. Gardner, 381 F.2d 191 (6th Cir. 1967), cert. denied, 389 U.S. 993, 88 S.Ct. 492, 19 L.Ed.2d 487, rehearing denied, 389 U.S. 1060, 88 S.Ct. 797, 19 L. Ed.2d 864.

The hearing examiner and the District Judge, in denying benefits to this unfortunate claimant, both realized the difficulty involved in her establishing her condition as it existed on or before September 30, 1950. The District Judge stated in his opinion:

"The hearing examiner also recognized the difficulty in obtaining adequate testimony and evidence to establish an onset date of disability more than 18 years ago (now twenty years) and he inquired fully into the fact and afforded the plaintiff three hearings at which every attempt was made to acquire all available information, evidence, testimony and medical records. But none of this establishes with certainty a beginning date for the plaintiff's disability."

In Miracle v. Celebrezze, 351 F. 2d 361, 382–383 (6th Cir. 1965), Judge McAllister referred to the informality of administrative hearings and of the records of the hearings conducted for disability benefits under the Act. He cautioned that "[t]hese records call for searching investigation by the district courts, and further searching investigation by appellate courts." The record in this case clearly evidences that the facts

have been fairly stated by the hearing examiner and that his findings and conclusions have been carefully reviewed and analyzed by the District Judge. And we also are satisfied as a result of "searching investigation" that the Secretary's findings are supported by substantial evidence, and for the reasons contained in the opinion of the District Judge, the judgment must be affirmed.

Affirmed.