Floyd GROSS, Jr., Plaintiff,

v.

Caspar WEINBERGER, Secretary of Health, Education and Welfare, Defendant.

Civ A. No. 74-369.

United States District Court,
E. D. Kentucky,
Pikeville Division.

July 21, 1975.

M. B. Fields, Hazard, Ky., for plaintiff.

Eugene E. Siler, Jr., U.S. Atty., Robert M. Murphy, Asst. U.S. Atty., Lexington, Ky., for defendant.

## MEMORANDUM OPINION

HERMANSDORFER, District Judge.

■ This is an action brought under 42 U.S.C. § 405(g) for review of a final decision of the Secretary of Health, Education, and Welfare denying plaintiff's application for Social Security disability benefits. The scope of this review is limited to determining whether the findings and conclusions of the Secretary are supported by substantial evidence. *Ingram v. Richardson,* 471 F.2d 1268, 1271 (6th Cir. 1972); *Walters v. Gardner,* 397 F.2d 89, 91 (6th Cir. 1968).

The administrative law judge, whose determinations became the final decision of the Secretary upon approval by the Appeals Council, found that plaintiff had not established by credible evidence that he enjoyed insured status for disability purposes and was therefore not entitled to a period of disability or disability benefits. Careful consideration of the administrative record indicates to the reviewing court that this final decision is supported by substantial evidence and is consequently entitled to an affirmance.

■ The burden of establishing entitlement to disability benefits is clearly upon the claimant. *Halsey v. Richardson,* 441 F.2d 1230, 1236 (6th Cir. 1971); *May v. Gardner,* 362 F.2d 616, 617 (6th Cir. 1966). Included within this burden is the requirement that the claimant prove that his disability, if it exists, arose at a time when he enjoyed insured status. *Harrison v. Richardson,* 448 F.2d 638, 639 (6th Cir. 1971). For plaintiff in this case to have fulfilled that requirement, he must not only have shown that he was a "fully insured individual" as defined in 42 U.S.C. § 414(a), but also he must have established that he had at least twenty quarters of coverage in the forty-quarter period ending with the quarter in which disability allegedly commenced. 42 U.S.C. § 423(c) (1)(A) and (B)(i).

■ In determinations as to one's entitlement to disability benefits, wage records maintained by the Secretary constitute competent evidence as to the periods in which wages were paid a claimant, 42 U.S.C. § 405(c)(3), and after the expiration of the time limitation following any year, the absence of an entry in those records as to wages allegedly paid a claimant in a certain period

in that year creates a presumption that no such wages were paid in that period. 42 U.S.C. § 405(c)(4)(B). See generally, *Thacker v. Gardner,* 268 F.Supp. 663 (W.D.Va.1967), aff'd 387 F.2d 387 (4th Cir. 1967), cert. denied 390 U.S. 1017, 88 S.Ct. 1272, 20 L.Ed.2d 168 (1968).

Two sets of earnings records submitted into evidence indicate that plaintiff had only sixteen quarters of coverage in the forty-quarter period concluding with the quarter in which his alleged disability commenced.[1] (Exhibits 13, 14—Tr. 83–84). On the basis of these records, plaintiff's initial claim and his request for reconsideration were denied on July 16 and December 11, 1972, respectively.[2]

The record indicates that following the denial of plaintiff's claim, his mother, Mrs. Polly B. Gross, who purportedly was plaintiff's employer at the Gross and Gross Hazard Lunch restaurant, filed amended tax returns and apparently made belated Social Security payments for plaintiff to cover the years from 1958 through 1960.[3] A third earnings record, certified on October 25, 1973, listed $600 as the wage amounts earned by plaintiff in those three years in which no earnings had been reflected in the two previously compiled statements. The twelve additional quarters of coverage thus provided was more than adequate to meet the twenty quarter requirement of 42 U.S.C. § 423(c)(1)(B)(i).

The administrative law judge, however, in rendering his hearing decision, found that the $600 amounts credited to plaintiff's account for the years 1958–60 were the result of "manufactured evidence" and he ordered these amounts stricken.[4] Plaintiff was consequently held lacking the necessary coverage and his claim was again denied.

Although the judge had suggested to plaintiff prior to the hearing his misgivings concerning the validity of the wage record amendments, the decision to strike was not finally made until after both plaintiff and his mother had been given the opportunity to testify. Such a determination as was made by the administrative law judge was one which was within the exclusive province of the Secretary, in his capacity as finder of fact, to decide; reviewing courts are not empowered to extend *de novo* consideration to the evidence nor to resolve any conflicts or issues of credibility found therein. *Wokojance v. Weinberger,* 513 F.2d 210, 212 (6th Cir. 1975); *Myers v. Richardson,* 471 F.2d 1265, 1266–67 (6th Cir. 1972); *Floyd v. Finch,* 441 F.2d 73, 76 (6th Cir. 1971); *Lane v. Gardner,* 374 F.2d 612, 616 (6th Cir. 1967).

Clearly an issue as to credibility confronted the judge. Plaintiff testified that his disability injury occurred in 1961 though the evidence establishes that the year was actually 1963. Likewise, plaintiff adamantly insisted that he had not worked at all in either 1962 or 1963, although the earnings records showed significant earnings for those years, and plaintiff himself indicated that he worked at Hazard Lunch until the time of his injury and that this had been his last job.

---

1. Documentary evidence, notably the discharge summary from the Veterans' Hospital where he was treated, and reports from Drs. O'Donnell and Friesen, establishes that the arm injury, which is the principal basis of plaintiff's claim, was suffered in June, 1963, rather than sometime in 1961 as was indicated on plaintiff's initial application for benefits and in the muddled testimony of both plaintiff and his mother.

2. These determinations were made on the assumption that plaintiff's disability had arisen in the first quarter of 1961 as he had indicated in his initial application. However, the number of covered quarters is coincidentally the same if one begins with the second quarter of 1951, concluding with the first quarter of 1961, or if one begins with the third quarter of 1953, concluding with the second quarter of 1963.

3. Exhibit 16—Tr. 92–97.

4. Decisions regarding changes in the Secretary's wage records are subject to review under 42 U.S.C. § 405(g), as provided in subpart (c)(8) of that section.

Moreover, the testimony of Mrs. Gross was even less enlightening. She stated that she paid plaintiff $50 a month in 1958–60 in return for which "[h]e just helped me around a little," but she did not recall whether her son had worked for her in the years between 1961 and 1963 (Tr. 31). She attributed the lack of accurate records concerning her son's purported employment to the death of her tax counsel and to a flood which allegedly ravaged her place of business in either 1957, 1960 or 1963.[5] Even if her assertions were afforded the maximum degree of credibility, that fact would not alter the burden imposed upon plaintiff to establish his coverage.

■ Given the peculiar nature of plaintiff's alleged employment relationship (one hour's work a day in this mother's restaurant for which he was paid $50 in cash at the end of the month), the circumstances surrounding the belated wage record amendments, and the highly inconsistent testimony of both plaintiff and Mrs. Gross, the situation smacks of "the paper facade of wages" which was held insufficient to establish an employer-employee connection in *Eastman v. Gardner*, 373 F.2d 481, 485 (6th Cir. 1967), rev'g 240 F. Supp. 142 (N.D.Ohio 1965). In light of the unusual circumstances, the administrative law judge made a basic credibility determination and rendered a decision which this Court cannot disturb for lacking a foundation in substantial evidence.

■■ The findings of the Secretary as to any fact, if supported by substantial evidence, are conclusive. *Wokojance, supra* at 212; *Jenkins v. Gardner*, 430 F.2d 243, 248 (6th Cir. 1970), cert. denied, 400 U.S. 1001, 91 S.Ct. 472, 27 L.Ed.2d 452 (1971). With the 1958–60 wage amendments having properly been stricken on the basis of substantial evidence, the combined effect of 42 U.S.C.

§§ 405(c)(3), (4)(B) and 423(c)(1)(B)(i) creates a conclusive presumption that plaintiff lacks the requisite insured status to be entitled to disability benefits. Therefore, defendant is entitled to an affirmance of his decision, although no motion for summary judgment, as such, was made on his behalf. *McMullen v. Celebrezze*, 335 F. 2d 811, 814 (9th Cir. 1964), cert. denied. 382 U.S. 854, 86 S.Ct. 106, 15 L.Ed.2d 92, reh. denied, 382 U.S. 922, 86 S.Ct. 295, 15 L.Ed.2d 238 (1965).

Accordingly, an Order in conformity with this Memorandum Opinion shall be entered this date herein affirming the final decision of the Secretary.

---

5. Mrs. Gross stated that this flood occurred in 1960 (Tr. 33), whereas plaintiff remembered it as happening in 1963 (Tr. 52), but he had also testified as to a serious flood in 1957. (Tr. 40, 52).