828 F.2d 19
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Nona-Gayle DOMORACKI, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH & HUMAN SERVICES, Defendant-Appellee.
 No. 86-3833
 United States Court of Appeals, Sixth Circuit.
 September 1, 1987.
 
 Before CORNELIA G. KENNEDY, MILBURN and NORRIS, Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiff Nona-Gayle Domoracki appeals the judgment of the district court upholding the Secretary's denial of supplemental security income benefits. For the reasons that follow, we reverse and remand this case to the Secretary for further consideration.
 
 I.
 
 2
 Plaintiff filed an application for supplemental security income benefits on June 2, 1984. She alleged that she became disabled on June 1, 1984, because of a kidney impairment. Her application was denied initially and upon reconsideration. A de novo hearing was held before an Administrative Law Judge ('ALJ') on January 15, 1985.
 
 
 3
 Plaintiff appeared at the hearing and was represented by counsel. After the hearing and receipt of additional medical evidence, the ALJ concluded that plaintiff was not entitled to an award of benefits because she had failed to establish that her impairments precluded her from performing her past relevant work as a cook supervisor and job placement supervisor.
 
 
 4
 The Appeals Council denied plaintiff's request for review, and plaintiff subsequently filed an action in the district court. The parties filed cross-motions for summary judgment, and the Secretary's motion was granted by the district court in an order dated July 16, 1986. The district court concluded that 'the record did not compel the administrative law judge to conclude that [plaintiff's impairments met or equalled] the listing set out in Sec. 10.10A., Listing of Impairments.' Similarly, because the 'record did not compel the administrative law judge to conclude that plaintiff was unable to perform any of her past relevant work[,]' the Secretary's determination of non-disability was upheld.
 
 
 5
 In this appeal, plaintiff presents three issues for our consideration. First, she argues that the ALJ's conclusion that her impairments do not meet or equal Listing 10.10A of Appendix I is not supported by substantial evidence. Second, she argues that the ALJ's finding that she can return to her past relevant work is not supported by substantial evidence. Finally, she contends that this case must be remanded to the district court for specific factual findings under Rule 52(a), Federal Rules of Civil Procedure.
 
 II.
 
 6
 Claimant was born on March 25, 1935, and was forty-nine years of age on the date of the administrative hearing. She has a high school diploma, and she attended college for five months. From 1974 until 1982, claimant held jobs as a cook supervisor, school bus driver, job placement supervisor, cook, tile setter, paint operator, department store clerk, and chip loader.
 
 
 7
 While employed as a job placement supervisor, plaintiff was responsible for screening applicants and placing them in suitable jobs. She also performed administrative duties. Plaintiff indicated that in this position she was required to walk for two hours per day, stand for two hours, and sit for four hours. Her work required only occasional bending and no lifting. Joint Appendix at 93.
 
 
 8
 In her most recent employment as a cook supervisor, plaintiff was required to operate kitchen equipment and to train others to cook and operate kitchen equipment. Her work day in this position lasted six hours, during which she walked three hours, stood two hours, and sat one hour. Her duties required frequent bending and lifting of twenty-five pounds and occasional lifting of fifty pounds. Joint Appendix at 90.
 
 
 9
 In 1977-78, plaintiff was employed in another cook supervisor position. This job required maximum lifting of only twenty pounds. Joint Appendix at 92.
 
 
 10
 Although plaintiff was employed until 1984, her physical condition began to deteriorate in 1973. She was admitted to Guernsey Memorial Hospital on June 19, 1973, for evaluation of chronic back pain. Spinal X-rays were described as 'unremarkable.' Joint Appendix at 108.
 
 
 11
 During 1973, claimant was twice admitted to the Mount Carmel medical center. In September 1973, her complaints of back pain were again evaluated. The lumber spine was considered normal, and X-rays of the dorsal spine indicated minimal degenerative changes. Joint Appendix at 165.
 
 
 12
 In October 1974, claimant was again admitted to Guernsey Memorial Hospital, this time for removal of a kidney stone. During the surgical procedure, one-third of her left kidney was removed.
 
 
 13
 On September 14, 1983, a spinal X-ray revealed minimal hypertrophic spondylitis, mid and upper dorsal spine. No other abnormalities were identified. Joint Appendix at 129. On December 7, 1984, an X-ray report identified minimal disc space narrowing in the lumber spine. Joint Appendix at 147.
 
 
 14
 Dr. Nicholson, claimant's former treating physician, submitted a report dated June 19, 1984. Dr. Nicholson diagnosed claimant as suffering from obesity and hypertension. He gave no answer to the question requesting information regarding abnormalities of the spine. Joint Appendix at 131. On December 29, 1984, Dr. Nicholson completed a residual functional capacity assessment indicating that claimant was unable to perform even sedentary work on a part-time basis. To support his conclusion, Dr. Nicholson supplied a December 12, 1984, lumbar spinal X-ray revealing minimal disc space narrowing. Joint Appendix at 147. Also submitted in the record were Dr. Nicholson's progress reports from January 9, 1980, through March 21, 1983. These notes, which cover fifteen visits over a period of three years, contain only one notation concerning a complaint of back pain. Joint Appendix at 148.
 
 
 15
 Plaintiff's treating urologist, Dr. Maximo, submitted a disability report dated June 19, 1984. He indicated that claimant suffered from chronic back pain of an unknown origin, exogenous obesity, and recurrent cystitis. Joint Appendix at 121.
 
 
 16
 Claimant was examined by Dr. Taj Tripathi on July 24, 1984. He concluded that claimant suffered from hypertension and chest pain of unknown origin, recurrent urinary tract infections, and hyperthyroidism. Joint Appendix at 135. He indicated that claimant gave a history of low backache usually preceded by her urinary tract infection. Id. at 133.
 
 
 17
 Claimant was examined by Dr. Shashi Vora on February 5, 1985. Dr. Vora stated that claimant suffered from arthritis, exogenous obesity, and hypertension. He noted that claimant's chest X-ray indicated osteoarthritis; however, no X-ray report is presented in the record. Dr. Vora completed range of motion studies indicating that claimant suffered from decreased mobility in the cervical and dorsal lumbar spine. Dr. Vora also placed restrictions on claimant's ability to work. Joint Appendix at 176-85.
 
 
 18
 Claimant's medical records were evaluated by Dr. John S. Watson at the request of the Ohio Disability Determination Service. Dr. Watson indicated that the evidence did not establish that claimant's condition was of the severity necessary to meet Appendix 1. Dr. Watson also concluded that claimant retained the residual functional capacity to perform medium work. Joint Appendix at 140-43.
 
 
 19
 After reviewing this evidence, the ALJ held that claimant's condition did not meet Listing 10.10 of Appendix 1. He concluded that claimant does meet the weight requirement of Listing 10.10. He also concluded that she suffers from spinal arthritis, yet he failed to explicitly consider whether she satisfies the requirements of Listing 10.10A, which provides that disability may be established by a combination of obesity and spinal arthritis. The ALJ focused on Listing 10.10B, which involves disability based on a combination of hypertension and obesity. He concluded that claimant does not satisfy Listing 10.10B, and that determination is not challenged on appeal.
 
 III.
 A.
 
 20
 Although the ALJ made the blanket statement that plaintiff's impairments do not satisfy any section of 20 C.F.R. Pt. 404, Subpt. P, App. 1, Sec. 10.10, he gave explicit consideration only to Listing 10.10B, which provides that disability may be established by a combination of obesity and high blood pressure. His resolution of this issue is not challenged on appeal.
 
 
 21
 However, the ALJ failed to give explicit consideration to Listing 10.10A, which provides that disability may be established by a combination of obesity and '[h]istory of pain and limitation of motion in any weight bearing joint or spine (on physical examination) associated with X-ray evidence of arthritis in a weight bearing joint or spine.' His failure to do so is inexplicable, given his subsidiary finding that claimant suffers from 'osteoarthritis of the dorsal spine.' Joint Appendix at 14.
 
 
 22
 Moreover, the X-ray evidence of record indicates the presence of 'degenerative changes.' Joint Appendix at 165. The only range of motion study in the record demonstrates that claimant's mobility is limited. Joint Appendix at 180-81. Finally, there is ample support in the record for claimant's contention that she suffers pain.[1] Our decision in Johnson v. Secretary of Health & Human Services, 794 F.2d 1106 (6th Cir. 1986), requires a remand to the Secretary for further consideration of Listing 10.10A.
 
 B.
 
 23
 The ALJ also found that claimant had not carried the burden of establishing the inability to perform her past relevant work. This conclusion will become irrelevant if, on remand, the ALJ concludes that Listing 10.10A is satisfied.
 
 
 24
 [I]f a claimant is not engaged in substantial gainful activity and also validly meets a listing, the Secretary must find claimant disabled without regard to residual work capacity, age, education, or experience. It is not correct under the regulatory scheme to find that a claimant satisfies a listing but is nonetheless able to work.
 
 
 25
 Johnson, 794 F.2d at 1114.
 
 
 26
 Nevertheless, if claimant's impairments are not of sufficient severity to meet the criteria of Listing 10.10A, we conclude that the Secretary's determination of non-disability must be upheld. Dr. Nicholson, plaintiff's treating physician, indicated that plaintiff is incapable of performing even sedentary work. Joint Appendix at 145. However, this conclusion was supported by a single X-ray showing only minimal disc space narrowing. It is axiomatic that a treating physician's opinion is entitled to substantial deference only when supported by 'sufficient medical data.' Houston v. Secretary of Health & Human Services, 736 F.2d 365, 367 (6th Cir. 1984).[2] Moreover, 'the determination of disability is the prerogative of the Secretary, not the treating physician.' Harris v. Heckler, 756 F.2d 431, 435 (6th Cir. 1985).
 
 
 27
 The objective medical evidence of record does not indicate that plaintiff's condition has deteriorated in the years since the onset of her spinal disorder. Plaintiff has been obese since 1970. Her first hospitalization for back pain occurred in 1973. The record reveals no reason why plaintiff stopped working when she did. Under these circumstances, we find substantial evidence to support the Secretary's decision. See Crisp v. Secretary of Health & Human Services, 790 F.2d 450 (6th Cir. 1986) (per curiam) (claimant not disabled by psychological impairment when he performed gainful activity for fifteen years following alleged onset date); Banks v. Celebrezze, 341 F.2d 801 (6th Cir. 1965) (in most cases, substantial work history beyond onset of impairment would constitute substantial evidence to support finding of non-disability).
 
 C.
 
 28
 Plaintiff's final argument, that this case must be remanded for factual findings, is summarily rejected. The district court disposed of this case on cross-motions for summary judgment. By its very terms, Rule 52(a), Federal Rules of Civil Procedure, applies only to 'actions tried upon the facts' in the district court.
 
 
 29
 Actions in which the district court reviews the decisions of administrative agencies are governed by the applicable statutes and not by Rule 52. Thus, if the district court does not try the facts but is limited to a review of the findings of the agency, the court may not make findings of fact.
 
 
 30
 9 C. Wright & A. Miller, Federal Practice and Procedure Sec. 2573, at 687-88 (1971).
 
 IV.
 
 31
 Accordingly, for the reasons stated, this case is REMANDED to the Secretary for further consideration in light of this opinion. We intimate no opinion regarding the merits of the issue to be considered on remand.---------------
 
 
 
 [1]
 Although the ALJ found that plaintiff does not suffer 'debilitating pain,' it is clear that a lesser degree of pain, not in itself disabling, may combine with other impairments to render a claimant disabled. See, e.g., Chester v. Bowen, 792 F.2d 129, 132 (11th Cir. 1986) (per curiam); Gagnon v. Secretary of Health & Human Services, 666 F.2d 662, 666 n.8 (1st Cir. 1981)
 
 
 [2]
 Plaintiff argues that Dr. Nicholson's report must be given substantial deference because it is supported by the clinical findings in Dr. Vora's report. Dr. Vora's report does not support the conclusion that claimant cannot return to her past work. Rather, it merely confirms that claimant suffers essentially the same impairments she has suffered since 1973