860 F.2d 1079
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Clint H. HATCH, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 87-1923.
 United States Court of Appeals, Sixth Circuit.
 Oct. 18, 1988.
 
 Before ENGEL, Chief Judge, BOGGS, Circuit Judge, and THOMAS A. BALLANTINE, Jr., District Judge.*
 PER CURIAM.
 
 
 1
 Plaintiff-appellant seeks reversal of the judgment of the district court accepting the report and recommendation of the magistrate upholding the finding of the Secretary that plaintiff was not entitled to disability benefits.
 
 
 2
 Appellant was born January 21, 1935, and has a high school education. His work history discloses that he has been a crane operator for Chevrolet and a self-employed excavation contractor.
 
 
 3
 Appellant filed a claim seeking disability benefits from March 3, 1978. He claimed disability from pain in his right side, headaches, and myositis. After appellant's claim was denied at all administrative levels, he commenced an action in the district court.
 
 
 4
 The district court remanded the action to the Secretary with instructions to consider further testimony relative to appellant's prior work history and his residual functional capacity.
 
 
 5
 After an administrative hearing before an Administrative Law Judge (ALJ), the ALJ found that appellant could return to his past work as a crane operator. When appellant excepted to this decision, the Appeals Council remanded the case to a different ALJ. The second ALJ also concluded that appellant could return to his former work.
 
 
 6
 The Appeals Council vacated the portion of the ALJ's finding which related to appellant's ability to return to his former work. The Appeals Council found instead that while appellant could not return to his prior occupation, he retained the physical residual functional capacity for a full range of light work. The Appeals Council also found that the testimony of a vocational expert supported a finding that significant numbers of light-work jobs exist in the general economy. The Appeals Council further found that appellant's complaints of disabling pain were not supported by clinical findings.
 
 
 7
 The Appeals Council addressed appellant's complaints of mental impairment and concluded that while his schizoid personality dictated that he avoid high levels of stress, he retained the functional capacity to perform satisfactorily at low stress occupations.
 
 
 8
 The findings of the Secretary are conclusive if they are supported by substantial evidence. Duncan v. Secretary of Health and Human Services, 801 F.2d 847 (6th Cir.1986). " 'Substantial evidence' means 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " Kirk v. Secretary of Health and Human Services, 667 F.2d 534, 535 (6th Cir.1981), cert. denied, 461 U.S. 957, 103 S.Ct. 2423 (1983), quoting Richardson v. Perales, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427 (1971).
 
 
 9
 In Duncan v. Secretary, supra, the Court established a two-pronged analysis to be applied in evaluating pain:[1]
 
 
 10
 "First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain."
 
 
 11
 801 F.2d at 853.
 
 
 12
 The Secretary found that appellant suffered from osteoarthritis of the lumbar spine and from cluster headaches. Thus, appellant has satisfied the first prong of the Duncan analysis.
 
 
 13
 Whether appellant has met the requirements of the second prong of the Duncan analysis is another matter. The objective medical evidence falls short of confirming the severity of plaintiff's pain. Although his treating physician offered the conclusory assertion that plaintiff was totally disabled, there was clinical evidence that appellant walked with a normal gait, that he had no neurological deficits, and that extensive tests failed to disclose any cause for his headaches. His schizoid personality was not disabling unless he was placed in a highly stressful situation.
 
 
 14
 While "[i]t is true that a treating physician's opinion is afforded more weight than the opinion of a physician employed by the government[ ] ... the ultimate determination of disability rests with the Secretary, not with the treating physician." Duncan v. Secretary, supra at 855.
 
 
 15
 Further militating against appellant's claim of disability is his testimony that he had had back problems all his life, that he had had headaches for eight or nine years, and that there had been no significant change in either condition. The fact that he was able to cope with these conditions prior to the filing of his claim would cast a doubt on the credibility of his testimony that the conditions are now disabling. See King v. Gardner, 370 F.2d 652 (6th Cir.1967); see also Mullen v. Bowen, 800 F.2d 535, 548 (6th Cir.1986) (en banc ).
 
 
 16
 A review of the entire record convinces us that substantial evidence supports the decision of the Secretary.
 
 
 17
 We have also considered and now reject appellant's challenge to the Secretary's action in attaching completed Psychiatric Review Technique forms to the final decision.
 
 
 18
 Appellant's objections to the magistrate's report and recommendation did not present any argument addressing this asserted defect, nor did appellant present the argument to the district court.
 
 
 19
 It is well settled in this circuit that failure to serve and file written objections to the magistrate's report and recommendation within 10 days constitutes a waiver of the objections. United States v. Walters, 638 F.2d 947 (6th Cir.1981); Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir.1987); see also Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466 (1985) ("the Sixth Circuit's rule, by precluding appellate review of any issue not contained in the objections, prevents a litigant from 'sand-bagging' the district judge by failing to object and then appealing." 474 U.S. at 147-48, 106 S.Ct. at 471). Thus, the question is not before this Court for review.
 
 
 20
 The judgment of the district court is affirmed.
 
 
 
 *
 The Honorable Thomas A. Ballantine, Jr., United States District Judge for the Western District of Kentucky, sitting by designation
 
 
 [1]
 Since the administrative determination in this case was made prior to January 1, 1987, appellant's claims of pain are to be evaluated under Title 42 U.S.C. Sec. 423(d)(5), as amended by Sec. 3(a)(1) of the Social Security Disability Benefits Reform Act of 1984. Pub.L. 98-460, 98 Stat. 1794