915 F.2d 1571
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Sue HARDIMAN, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 90-1369.
 United States Court of Appeals, Sixth Circuit.
 Oct. 2, 1990.
 
 Before KENNEDY and KRUPANSKY, Circuit Judges, and LIVELY, Senior Circuit Judge.
 
 ORDER
 
 1
 Sue Hardiman appeals the district court's judgment that affirmed the appellee's denial of her application for disability insurance benefits under 42 U.S.C. Sec. 423. Her case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, the panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 2
 Hardiman had worked as a licensed practical nurse during the period that she was insured. She alleged that she became disabled in 1978 due to cancer and a chronic seizure disorder. On July 25, 1988, an administrative law judge (ALJ) issued an opinion that denied Hardiman's claim. The ALJ's decision became the final decision of the Secretary when the Appeals Council denied Hardiman's request for further review.
 
 
 3
 Hardiman then filed a complaint in federal district court. Her case was referred to a magistrate who recommended that the Secretary's motion for summary judgment be granted. On February 13, 1990, the district court entered a memorandum opinion and judgment that adopted the magistrate's report and awarded summary judgment to the Secretary. It is from this judgment that Hardiman now appeals.
 
 
 4
 The standard of review that applies to Hardiman's case was recently articulated in Brainard v. Secretary of Health and Human Services, 889 F.2d 679 (6th Cir.1989).
 
 
 5
 Judicial review of the Secretary's decision is limited to determining whether the Secretary's findings are supported by substantial evidence and whether the Secretary employed the proper legal standards in reaching her conclusion. Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. The scope of our review is limited to an examination of the record only. We do not review the evidence de novo, make credibility determinations nor weigh the evidence.
 
 
 6
 Id. at 681 (citations omitted).
 
 
 7
 Hardiman argues that the ALJ did not give appropriate consideration to her non-exertional impairments, i.e., seizures that she has had since childhood. She also argues that the ALJ could not properly evaluate her claim without the testimony of a vocational expert. These arguments fail for several reasons.
 
 
 8
 First, the ALJ's opinion clearly indicates that he considered the evidence relating to Hardiman's seizures but found that her symptoms were controlled by medication and that they were not acute during the relevant period. A review of the record shows that there is substantial evidence to support these findings. Cf. King v. Gardner, 370 F.2d 652, 654 (6th Cir.1967). Second, the record indicates that Hardiman had worked as a nurse for several years even though she suffered from seizures, and there is no indication that her seizures became more acute during the claimed disability period. Cf. Mullen v. Bowen, 800 F.2d 535, 548 (6th Cir.1986) (en banc). Third, it was not necessary for a vocational expert to testify as to Hardiman's capacity for work in relation to the grid because the ALJ had determined that she could perform her past relevant work. Cf. Smith v. Secretary of Health and Human Services, 893 F.2d 106, 110 (6th Cir.1989). Finally, even if vocational testimony was relevant to Hardiman's ability to perform her past work, it was Hardiman's burden to present evidence on that issue at her administrative hearing. Cf. Atterberry v. Secretary of Health and Human Services, 871 F.2d 567, 569 (6th Cir.1989).
 
 
 9
 Accordingly, it is hereby ORDERED that the district court's judgment is affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.