919 F.2d 140
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Carl E. JENT, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee
 No. 89-4096.
 United States Court of Appeals, Sixth Circuit.
 Nov. 26, 1990.
 
 Before BOYCE F. MARTIN, Jr., RYAN and SUHRHEINRICH, Circuit Judges.
 PER CURIAM.
 
 
 1
 Appellant, Carl E. Jent, appeals pro se from a judgment of the district court affirming the final decision of the Secretary of Health and Human Services ("the Secretary") denying disability insurance benefits under Title II of the Social Security Act ("Act"). See 42 U.S.C. Secs. 416(i) and 423. For the reasons stated below, we AFFIRM.
 
 I.
 
 2
 On November 25, 1986, Jent filed an application for disability benefits, pursuant to 42 U.S.C. Secs. 416(i) and 423, alleging that he became disabled on September 17, 1982, due to arthritis in his right hand, back, legs, left knee, ankle, and foot. His application was denied initially and on reconsideration by the Social Security Administration. On May 27, 1988, after a hearing on the matter, the Administrative Law Judge ("ALJ") rendered a decision finding that Jent was not disabled because: (1) Jent did not have a severe impairment due to either his alleged physical or mental conditions; (2) Jent retained the ability to perform medium exertional level work and the requirements of his past relevant work were consistent with that ability; and (3) a significant number of jobs existed in the national economy that accommodated Jent's functional capacity. The Appeals Council denied Jent's request for review on October 18, 1988, and allowed the ALJ's decision to become the final decision of the Secretary.
 
 
 3
 Pursuant to 42 U.S.C. Sec. 405(g), Jent filed a civil action for judicial review of the Secretary's decision in the United States District Court for the Southern District of Ohio. The magistrate, to whom this matter was referred by stipulation of the parties, affirmed the Secretary's decision denying benefits. Jent appeals pro se from the magistrate's order.[1]
 
 II.
 
 4
 This Court's review of the Secretary's decision is limited. We must affirm the Secretary's findings if they are supported by substantial evidence on the record as a whole. Substantial evidence means more than a mere scintilla of evidence, that is, evidence which a reasonable mind might accept as adequate to support a conclusion. Farris v. Secretary of Health and Human Services, 773 F.2d 85, 90 (6th Cir.1985) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)); Harris v. Heckler, 756 F.2d 431, 435 (6th Cir.1985).
 
 
 5
 Claimant has the burden of proving the threshold requirement of a "severe impairment" in order to establish disability within the meaning of the Act. Higgs v. Secretary of Health and Human Services, 880 F.2d 860, 862-63 (6th Cir.1988); Gist v. Secretary of Health and Human Services, 736 F.2d 352, 357 (6th Cir.1984). An impairment is severe if it significantly limits a claimant's ability to do basic work activities, regardless of age or vocational background. Salmi v. Secretary of Health and Human Services, 774 F2d 685, 691 (6th Cir.1985); 20 C.F.R. Sec. 404.1521(a) (1989). Basic work activities are those abilities and aptitudes necessary to do most work, and include understanding, remembering and carrying out instructions, using judgment, and relating appropriately to supervisors and co-workers. 20 C.F.R. Sec. 404.1521(b) (1989).
 
 
 6
 With regard to Jent's leg impairment, the evidence established that he was injured in 1967, at the age of fifteen, when he was struck by a car on his bicycle. As a result of this accident, Jent sustained a shortening of his left leg. In 1971, his treating physician ordered a built-up shoe which alleviated much of Jent's gait abnormalities. Notwithstanding this condition, Jent was able to work for over ten years, even at jobs that required heavy levels of exertion. An individual who has successfully worked for a period of time with an impairment must establish that the condition has significantly deteriorated and, thus, has become a "severe impairment" under the Act. Banks v. Celebrezze, 341 F.2d 801, 804 (6th Cir.1965); see also King v. Gardner, 370 F.2d 652, 654 (6th Cir.1967). There is no evidence in the record that Jent's shortened leg condition significantly deteriorated since the time of his injury in 1967.
 
 
 7
 With regard to Jent's back injury, he was examined approximately fourteen times. None of the physicians that examined Jent found abnormal ranges of back and leg motion, significant muscle spasms, muscle weakness or positive straight leg raising,[2] or any sensory or reflex loss. Consequently, the Secretary reasonably found that Jent's back condition did not significantly limit Jent's ability to do basic work activities.
 
 
 8
 Jent's final argument before the ALJ was that his "mental condition" significantly limited his ability to perform basic work activities. Mental disorders are defined in terms of the functional limitations which are assessed in four areas: activities of daily living; social functioning concentration; persistence or pace; and deterioration or decompensation in work or work-like settings. 20 C.F.R. Sec. 404.1520a (1989). Jent offered no medical evidence before the ALJ that his mental impairment prevented him from working or carrying out basic daily living activities. Furthermore, Jent himself admitted that he was able to remember recent or remote events, get along with people, concentrate, complete tasks, and understand information correctly. This evidence supports the Secretary's findings that Jent had only slightly restricted daily, social, and work functioning, and, thus, that his mental condition was not a severe impairment. See 20 C.F.R. Sec. 404.1520a(c)(1) (1989).
 
 
 9
 In conclusion, we find that there is substantial evidence to support the Secretary's findings that Jent's physical and mental impairments were not "severe" within the meaning of the Social Security Act. Accordingly, the ALJ's alternative findings need not be addressed and the Secretary's denial of Jent's disability benefits is AFFIRMED.
 
 
 
 [1]
 Jent further contends that the court below failed to use up-to-date medical evidence, incorrectly decided the facts, and applied the wrong law in making its decision. Jent did not, however, specify which medical records the court allegedly failed to consider, what facts were incorrectly decided, and what law was incorrectly applied. He also claims that the court below did not contact him of his court date. There was no court date, however, because the district court decided this case on the record, excusing the parties from filing briefs and dispensing with oral argument
 
 
 [2]
 Only one examination revealed evidence of muscle spasms and muscle weakness and another indicated mild positive findings on straight leg raising